201 So.2d 246 (1967)
Clyde C. BRYAN and Martha J. Bryan, Husband and Wife, Appellants,
v.
OWSLEY LUMBER COMPANY, a Florida Corporation, Appellee.
No. J-10.
District Court of Appeal of Florida. First District.
July 18, 1967.
*247 Shell, Fleming & Davis, Pensacola, for petitioners.
Levin, Askew, Warfield, Levin & Graff, Pensacola, for respondent.
WIGGINTON, Chief Judge.
Defendants seek review by interloctutory appeal of a pre-trial conference order rendered in an action brought by plaintiff to establish and foreclose a materialman's lien pursuant to the provisions of F.S. Chapter 84, F.S.A.
Defendant owners entered into a contract with a building contractor for the construction of a residence. Notice of the commencement of the work was properly filed in the public records of the county in accordance with the requirements of the statute.[1] Plaintiff furnished certain building materials to the contractor which were used in the performance of the contract, and served its Notice to Owner upon defendants. Plaintiff thereafter filed its claim of lien for the amount due it from the contractor for the materials furnished. The contractor defaulted in his performance of the contract, and abandoned the work. Defendants thereupon recorded their Notice of Default as required by the statute.[2]
At the time of default and abandonment by the contractor, the improvements to be built pursuant to the terms of the contract were only partially completed. Prior to default, and apparently prior to receiving plaintiff's notice to owner, defendants had *248 properly disbursed to the contractor payments under the contract, leaving a balance remaining of the contract price at the time of default in the sum of $9,801.00. The estimated cost of completing the improvements in accordance with the terms of the defaulted contract is the sum of $8,598.00 which, if deducted from the balance of the contract price will leave a sum of approximately $1,200.00. Since this balance would be insufficient to pay plaintiff's claim in full, it contends that the entire balance of the contract price in the sum of $9,801.00 should be available for the payment of its claim, regardless of the amount required for completing the improvements. By the pre-trial conference order appealed herein the chancellor sustained plaintiff's contention and held that the unpaid balance of the contract price of $9,801.00 will be available for application in satisfaction of plaintiff's claim of lien, and that the defendants will not be permitted to deduct from such unpaid balance the reasonable cost of completing the contract and thereupon to limit the amount of plaintiff's lien claim to the balance of the contract price remaining after deducting all proper payments and the reasonable cost of completion of the contract. The court further held that during the trial any evidence of cost of completing the contract would be irrelevant, immaterial, and inadmissible.
The definitions section of the mechanics' lien law defines "contract price" as the amount agreed upon by the contracting parties for performing the contract, as diminished by any amounts attributable to defects in workmanship or materials or any other breaches of contract.[3] It would appear irrefragable that a default and abandonment of the work under a contract by the contractor would constitute a breach thereof within the meaning and intent of the foregoing provision of the statute, and that the reasonable cost of completing the contract would be an amount attributable to such breach.
The mechanics' lien law further provides that persons not in privity with the owner shall have a lien on the real property improved for labor or materials furnished in accordance with the contract; provided, however, that the total amount of all such liens shall not exceed the amount of the contract price as fixed by the direct contract.[4]
The act also provides that if the improvement contemplated by the contract is abandoned before completion, the owner shall pay each lienor in full or shall prorate the total amount of liens in the manner and in accordance with the order of priority set forth in subsection (5) of the section.[5]
The act meticulously provides the manner in which an owner may make proper payments *249 under the contract, both to the contractor and to those supplying labor and materials used in the performance of the work.[6] Insofar as concerns the issue raised by this appeal, there is no question but that all payments made by the defendant owners to their contractor prior to default were properly made in accordance with the requirements of the act, and are therefore properly deductible from the total contract price in arriving at the balance remaining for use in completing the contract and in paying the amount claimed by plaintiff for the materials furnished by it to the contractor.
It appears to us to have been the legislative intent in the enactment of the mechanics' lien law to protect the owner from being required to pay more for his improvements than called for in his contract, provided he strictly complies with the requirements set forth in the law. It appears the intent is equally manifest to protect the rights of lienors for materials and services furnished by them in performance of the contract insofar as funds under the contract are properly available for that purpose. Such a legislative scheme seems to contemplate that persons furnishing labor and material to a contractor are in a favorable position to determine the extent to which credit shall be extended before requiring payment for the amounts to become due for the services to be performed and materials to be furnished, and that if because of misplaced confidence or misjudgment on their part the contractor becomes either unwilling or unable to pay them the amount owed, they are relegated for the payment of their claims to such balance of the contract price as may remain due the contractor by the owner. Such a concept is premised upon the equitable maxim that where one of two innocent persons must suffer as a result of the default of another, the loss shall fall on him whose act made the loss possible.
In commenting upon the general purpose of the mechanics' lien law, the Supreme Court of Florida said:
"`This law imposes on the owner of real property on which improvements are being made the duty of disbursing the money due on the direct contract with the contractor in such a way as to furnish the greatest possible amount of protection of laborers, materialmen and others who performed [sic] services or furnish materials for the improvement. Provisions are included, however, for the protection of the owner; and he can, by properly paying the money due on the direct contract, avoid having any mechanics' liens enforced against his property. * * *'"[7]
Since the statute in question is in derogation of the common law, the appellate courts of Florida have consistently required strict compliance with its terms and provisions by anyone seeking to avail himself of the benefits conferred thereby.[8]
In Miller v. Duke[9] this court had for consideration a case involving the claim for materials furnished a contractor who defaulted and abandoned the work before the improvements were substantially completed. In reversing a decision which awarded the materialman the full amount of his claim against the owner of the partially improved real estate, this court said:
"The owner is not bereft of rights under the Mechanics' Lien Law. It specifically provides that the aggregate of all liens may not exceed the amount of the contract price less moneys properly paid. We hold that one of the purposes of the Mechanics' Lien Law is to assure to the *250 owner, in an arm's length transaction, that so long as he complies in good faith with its provisions he will be able to construct a specific improvement on his property for a given contract price.
* * * * * *
"The natural justice of this cause, involving innocent parties, is for the owners to have the prime contract completed for the consideration stated therein, and for the materialman to be paid for the materials furnished; but the decree appealed contemplates that the materialman is to be made whole and the owners left with a partially completed and perhaps worthless project."
It is our conclusion from a consideration of the mechanics' lien law and the decisions cited above that the chancellor in the case sub judice erred in holding that the undisbursed portion of the contract price shall be made available for the satisfaction of plaintiff's lien in full. The price to the owners for the construction of the improvements should not exceed the amount agreed upon between the owners and the contractor as set forth in the contract. Payments by the owners to the contractor prior to default were properly made and therefore deductible from the total contract price.[10] Because of the contractor's breach in abandoning the work and refusing to complete the contract, the owners will be required to expend the sum of approximately $8,600.00 to complete the improvements in accordance with the terms and provisions of the contract. It is our view, and we so hold, that the reasonable cost of completing the contract necessitated by the contractor's breach thereof properly diminishes the balance of the contract price remaining after deducting therefrom payments properly made to the contractor prior to default. The plaintiff may therefore receive from defendants only a pro rata part of the amount of its claim for materials furnished the contractor under the contract from what remains of the original contract price as diminished by proper payments to the contractor and the reasonable cost of completing the improvements. The decree appealed is reversed and the cause remanded for further proceedings.
RAWLS and SPECTOR, JJ., concur.
NOTES
[1] F.S. § 84.131, F.S.A.
[2] F.S. § 84.071(4), F.S.A.
[3] F.S. § 84.011(3), F.S.A.

"Contract price means the amount agreed upon by the contracting parties for performing all labor and services and furnishing all materials covered by their contract and shall be increased or diminished, as the case may be, by the price of any extras or change orders as herein defined, or by any amounts attributable to altered specifications, defects in workmanship or materials or any other breaches of the contract; * * *"
[4] F.S. § 84.061(1), F.S.A.

"A materialman or laborer, either of whom is not in privity with the owner, or a subcontractor who complies with the provisions of this chapter and is subject to the limitations thereof, shall have a lien on the real property improved for any money that shall be owing to him for labor, services or materials furnished in accordance with his contract and with the direct contract. The total amount of all liens allowed under this chapter for furnishing labor, services or material covered by any certain direct contract shall not exceed the amount of the contract price fixed by said direct contract except as provided in subsection (3) of this section."
[5] F.S. § 84.061(3) (e), F.S.A.

"If the improvement is abandoned before completion, the owner shall determine the amount due each lienor giving notice and shall pay the same in full or prorate in the same manner as provided in subsection (5) of this section."
[6] F.S. § 84.061(3), F.S.A.
[7] Richard Store Company v. Florida Bridge & Iron, Inc., (Fla. 1954) 77 So.2d 632, 634.
[8] Babe's Plumbing, Inc. v. Maier, (Fla. App. 1966) 194 So.2d 666; Martin v. Baird Hardware Company, (Fla.App. 1962) 147 So.2d 142.
[9] Miller v. Duke, (Fla.App. 1963) 155 So.2d 627, 630, 631.
[10] Landrum v. Marion Builders, Inc., (Fla. 1951) 53 So.2d 769.