DOWNEY, JAMES C., Associate Judge.
This is an appeal by the defendant owner from a final decree of foreclosure of a mechanics’ lien filed by a materialman not in privity with the owner.
At the time this cause of action arose the mechanics’ lien law was Chapter 84, F.S.1965, F.S.A., and all statutory references are to sections of that chapter. This case was presented to the trial court for a determination upon stipulated facts and *183 issues substantially as hereafter set forth, a procedure which is to be commended.
The owner entered into a contract with R. J. Walters Co., Inc. as general contractor for the construction of a seawall on the owner’s property in Martin County, the total contract price being $8,990.00. The plaintiff, Maulé Industries, Inc., furnished to the general contractor materials which were incorporated into the construction. The owner did not file a notice of commencement as required by Section 84.131. After the work commenced but prior to the time plaintiff served a notice to owner as provided under Section 84.061(2) (a), the owner paid the general contractor $4,-000.00 on the direct contract. Subsequent to receiving such notice, the owner paid the general contractor another $1,500.00. The general contractor then abandoned the construction in the midst of the job and the work was not resumed although the reasonable cost of completion was in excess of $6,000.00. At that time the plaintiff was due the sum of $2,166.35 for which it filed a proper claim of lien, the only claim of lien filed against the property. Plaintiff did all things necessary as required by the mechanics’ lien law to timely and properly perfect and enforce its lien. At all times material to the cause of action, the plaintiff knew the name and address of the owner, the legal description of the property, the nature and type of construction and was able to file its notice to owner and its claim of lien.
In addition to stipulating on the foregoing facts, the parties also stipulated that the payments which the owner made to the general contractor on the direct contract were “improper payments” and that the issue before the court was whether the plaintiff lienor had been prejudiced by the fact that a notice of commencement had not been filed by or on behalf of the owner.
At the outset we note that the parties misconstrued the issue raised by the stipulated facts. The real issue emanating from said facts is not whether the owner’s failure to file a notice of commencement (as required by Section 84.131) caused a detriment to the plaintiff, but whether the “improper payments” by the owner to the general contractor caused any such detriment. This is so because Section 84.061(3) (h), upon which appellant relies for exculpation from the effect of the “improper payments”, contains the following language:
“Any money paid by the owner on a direct contract, the payment of which is proved to have caused no detriment to any certain lienor, shall be held to have been properly paid as to such lienor * * (Emphasis added.)
 An owner who has strictly complied with the mechanics’ lien law may limit the aggregate of liens against his property for improvements thereon to the amount of the contract price less monies properly paid, Miller v. Duke, Fla.App.1963, 155 So.2d 627, Section 84.061(1), and where the contractor defaults or abandons the improvement, the contract price is further diminished by the owner’s reasonable, cost of completion, Bryan v. Owsley Lumber Company, Fla. App.1967, 201 So.2d 246. Applying these principles to the facts here, we find that if the contract price of $8,990.00 is first reduced by the amount of $5,500.00 paid on the direct contract [as though the same were “properly paid”], and is then further diminished by the sum of $6,000.-00 [as the owner’s reasonable cost of completion], no fund remains to be made available for the satisfaction of the plaintiff’s lien. It is clear that the payments totaling $5,500.00 made by the owner to the general contractor were very detrimental to the plaintiff because those payments, when added to the cost of completion, exhausted the fund from which plaintiff was to be paid. Therefore, the exculpatory provision of Section 84.061(3) (h) never comes into play, and the payments which were initially improper under Section 84.061(3) (a) remain improper.
Plaintiff fully complied with every requirement of the law. Defendant owner *184 did not. Since the payments it made on the direct contract were improper as to plaintiff, the owner’s property remained liable to the extent of such improper payments. Section 84.061(3) (h). The judgment appealed is affirmed.
Affirmed.
WALDEN and OWEN, JJ., concur.