230 So.2d 490 (1970)
Daniel MELNICK et al., Appellants,
v.
REYNOLDS METALS COMPANY, a Delaware Corporation, D/B/a Reynolds Aluminum Supply Co., Appellee.
No. 2440.
District Court of Appeal of Florida. Fourth District.
January 23, 1970.
*491 Howard M. Antevil, of Jackson & Jackson, Palm Beach, for appellants.
Louis Ossinsky, Jr., of Ossinsky & Krol, Daytona Beach, and Plisco & Zalla, West Palm Beach, for appellee.
OWEN, Judge.
This was a mechanic's lien foreclosure under Chapter 84, F.S. 1963, F.S.A., brought by a materialman not in privity with the owners. From a judgment favorable to the lienor, the owners appeal.
Appellants' first point is that the claim of lien was invalid because the lienor's notice to owners was served more than 45 days after commencing the furnishing of materials. This point must be decided adversely to appellants' position upon the authority of Crane Co. v. Fine, Fla. 1969, 221 So.2d 145.
The second point raised by appellants is that they should have been allowed to assert as an offset the damages which they sustained by reason of an alleged breach of contract on the part of the subcontractor to whom plaintiff had furnished the materials. The owners, acting as their own general contractor, had entered into a subcontract with Ark Ornamental Aluminum Company, Inc., for the furnishing and installation of certain metal railings on the balconies and walkways of two apartment projects. It was pursuant to this subcontract that plaintiff had furnished materials to Ark Ornamental Aluminum Company, Inc. When the owners became dissatisfied with the manner in which Ark Ornamental was performing the subcontract, the owners terminated the subcontract and had the work completed by another subcontractor at a greater cost per lineal foot than that which was provided in the original subcontract.
Where a contractor abandons an improvement before completion, the owner's reasonable cost of completing the contract would be an item of damages which the owner could recover through the means of diminishing the contract price by the amount of such costs. Bryan v. Owsley Lumber Co., Fla.App. 1967, 201 So.2d 246. But as against a lienor other than the contractor, an owner who fails to file a notice of abandonment under Section 84.071(4), F.S. 1963, F.S.A., is not entitled to reduce the contract price by the cost of the completion of construction. John T. Wood Homes, Inc. v. Air Control Products, Inc., Fla.App. 1965, 177 So.2d 709. Without deciding the question of whether the Ark Ornamental contract was abandoned or was even within the rationale of the Bryan case, supra, the record discloses that the appellants neither pleaded nor proved compliance with Section 84.071(4), F.S. 1963, F.S.A. Consequently, the court did not *492 err in ruling that plaintiff's lien was not subject to be offset by any damages which the owners might have sustained by virtue of the subcontractor's alleged breach of contract.
The judgment is affirmed.
WALDEN and REED, JJ., concur.