ON REHEARING GRANTED
PER CURIAM.
On consideration of this cause upon rehearing, after further argument, this court’s order of affirmance filed April 20, 1971, is withdrawn and this opinion reversing the judgment appealed from is hereby substituted and made the judgment of this court.
The appellant Copian Pipe & Supply Co., Inc. was a materialman which supplied materials to Dade Plumbing, Inc., the plumbing subcontractor on a 29-unit apartment building construction job of which the owner of the property, the appellee Alton Towers, Inc. was the general contractor for the construction job. During the progress of the work Dade Plumbing, Inc. defaulted and abandoned its subcontract. Prior thereto the appellant had delivered to Dade Plumbing, Inc. materials used in the construction for which there was due to appellant from Dade Plumbing, Inc. $4,-512.90. The plumbing subcontract was for $48,375. At the time the subcontractor abandoned the work there remained unpaid thereon the sum of $9,485.82. The contractor was required to expend more than that sum to complete the Dade Plumbing subcontract work.
Appellant, as a materialman to the subcontractor, served timely notice on the owner of intention to claim lien, as provided for in § 713.06(3) (a), and thereafter timely filed notice of lien.
In this action by the appellant to foreclose his lien, against the proceeds of a bond which had been substituted for the property against which the lien was filed, the trial court denied recovery, and the materialman appealed.
*526 The theory advanced by the appellee-owner in support of the judgment is that the owner was entitled to offset, against the amount of $9,485.82 which had remained unpaid on the plumbing subcontract, the cost of completing such subcontract, and therefore there was no remaining fund out of which the appellant-materi-alman was entitled to be paid. That theory is inapplicable to this situation. Assuming, but without need to so decide, that the above theory may apply in the instance of a default or abandonment by a general contractor (see Bryan v. Owsley Lumber Company, Fla.App.1967, 201 So.2d 246), it does not have application in the case of the abandonment or default by a subcontractor, with reference to claims of materialmen of the subcontractor. Such a materialman, who has given the required notice of intention to claim lien and has timely filed lien notice is entitled to be paid by the owner and may enforce his lien. § 713.06 Fla. Stat., F.S.A. Melnick v. Reynold’s Metals Company, Fla.App. 1970, 230 So.2d 490. Cf. Crane Co. v. Fine, Fla.1969, 221 So.2d 145.
The judgment is reversed and the cause is remanded for further proceedings.