262 So.2d 671 (1972)
ALTON TOWERS, INC., a Florida Corporation, and Fidelity & Deposit Company of Maryland, Petitioners,
v.
COPLAN PIPE & SUPPLY CO., Inc., a Florida Corporation, Respondent.
No. 41343.
Supreme Court of Florida.
May 3, 1972.
Tobias Simon, Miami, for petitioners.
Ralph & Boyd, Miami, and Peters, Maxey, Short & Morgan, Coral Gables, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 249 So.2d 525. Our jurisdiction is based on conflict between the decision sought to be reviewed and Bryan v. Owsley Lumber Company, 201 So.2d 246 (Fla.App.1st 1967).
Alton Towers, petitioner herein, is the owner of certain property and the builder of a multi-story apartment building thereon. *672 Alton entered into a direct contract for plumbing with Dade Plumbing which in turn purchased its supplies from respondents, Coplan Pipe & Supply Company. The contract price with the plumber was $48,375.00. At a point in time when $38,889.00 had been paid on this contract, Dade Plumbing went bankrupt and failed to return to the job. Alton, the owner, then retained a new plumber who agreed to and completed the job for an additional $12,968.37. Thus, the total cost to the owner was approximately $52,000.00, a figure $3,482.55 in excess of the amount of the contract with Dade Plumbing.
When Dade Plumbing went bankrupt it owed $4,490.61 to its supplier, Coplan Pipe & Supply Company and that company promptly filed its lien and in default of payment brought suit to foreclose.
The owner maintained that the amount remaining unpaid on the plumbing contract could be offset against the cost of completion and therefore there was no remaining fund out of which the materialman could be paid. The materialman claimed that it was entitled to be paid out of the fund remaining at the time of abandonment before these funds can be used for completion of the job. Both parties complied with the requirements of the mechanic's lien law.
The trial court ruled in favor of the owner. The District Court of Appeal initially affirmed, citing Bryan v. Owsley Lumber Company, supra, and Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969). On rehearing, however, the District Court reversed its position and decided that the materialman was entitled to be paid by the owner irrespective of damages suffered by the owner. In its opinion on rehearing granted, the District Court stated:[1]
"The theory advanced by the appellee-owner in support of the judgment is that the owner was entitled to offset, against the amount of $9,485.82 which had remained unpaid on the plumbing subcontract, the cost of completing such subcontract, and therefore there was no remaining fund out of which the appellant-materialman was entitled to be paid. That theory is inapplicable to this situation. Assuming, but without need to so decide, that the above theory may apply in the instance of a default or abandonment by a general contractor (see Bryan v. Owsley Lumber Company, Fla.App. 1967, 201 So.2d 246), it does not have application in the case of the abandonment or default by a subcontractor, with reference to claims of materialmen of the subcontractor."
We disagree with the District Court's interpretation of the facts in the instant case. Dade Plumbing Company, in the case before us, is in the same position as the building contractor in the Bryan case, in that both were under direct contract with the property owner. In both cases the contractor under direct contract with the property owner defaulted and materialmen who had supplied materials sought payment from the owner of the full contract price without subtracting the reasonable costs of completing the improvements after the contractor's default. Coplan Pipe & Supply Co., in the instant case, and Owsley Lumber Company, in the Bryan case, were both materialmen, one step removed from contract with the owner. In the Bryan case, the District Court of Appeal, First District, in an able opinion by Wigginton, Chief Judge, held:[2]
"It is our view, and we so hold, that the reasonable cost of completing the contract necessitated by the contractor's breach thereof properly diminishes the balance of the contract price remaining after deducting therefrom payments properly made to the contractor prior to default."
*673 We agree with the holding of the District Court in the Bryan case. The result of that case accords with the legislative intent in the enactment of the mechanic's lien law, as stated by the Court in Bryan:[3]
"It appears to us to have been the legislative intent in the enactment of the mechanics' lien law to protect the owner from being required to pay more for his improvements than called for in his contract, provided he strictly complies with the requirements set forth in the law. It appears the intent is equally manifest to protect the rights of lienors for materials and services furnished by them in performance of the contract insofar as funds under the contract are properly available for that purpose. Such a legislative scheme seems to contemplate that persons furnishing labor and material to a contractor are in a favorable position to determine the extent to which credit shall be extended before requiring payment for the amounts to become due for the services to be performed and materials to be furnished, and that if because of misplaced confidence or misjudgment on their part the contractor becomes either unwilling or unable to pay them the amount owed, they are relegated for the payment of their claims to such balance of the contract price as may remain due the contractor by the owner. Such a concept is premised upon the equitable maxim that where one of two innocent persons must suffer as result of the default of another, the loss shall fall on him whose act made the loss possible."
To like effect is the decision in Miller v. Duke,[4] wherein the District Court stated:
"The natural justice of this cause, involving innocent parties, is for the owners to have the prime contract completed for the consideration stated therein, and for the materialman to be paid for the materials furnished; but the decree appealed contemplates that the materialman is to be made whole and the owners left with a partially completed and perhaps worthless project.
"Under the circumstances of this case it was error to award the materialman the entire value of the materials furnished to the improvement. * * *"
The foregoing decisions are in accord with the provisions of the mechanic's lien law, and specifically, Florida Statutes § 713.06(1), F.S.A., which provides:
"(1) A materialman or laborer, either of whom is not in privity with the owner, or a subcontractor who complies with the provisions of part I of this chapter and is subject to the limitations thereof, shall have a lien on the real property improved for any money that shall be owing to him for labor, services or materials furnished in accordance with his contract and with the direct contract. The total amount of all liens allowed under part I of this chapter for furnishing labor, services or material covered by any certain direct contract shall not exceed the amount of the contract price fixed by said direct contract except as provided in subsection (3) of this section." (Emphasis supplied.)
The fact that Alton Towers is a property owner who has also done its own contracting does not alter the rule of § 713.06 limiting the owner's liability to the contract price fixed in the direct contract. Alton Towers does not fit the definition of "contractor" stated in the mechanic's lien law, § 713.01(2), as follows:
"(2) Contractor means a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, or who takes over from a contractor as above defined the entire remaining work under such contract."
*674 Alton is the "owner" as defined in § 713.01(12),[5] however, and this status takes precedence under the act.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded with directions to reinstate the judgment of the trial court.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, McCAIN and DREW, JJ. (Retired), concur.
NOTES
[1] Coplan Pipe & Supply Co. v. Alton Towers, Inc., 249 So.2d 525, 526 (Fla.App.3rd 1971).
[2] Bryan v. Owsley Lumber Co., 201 So.2d 246, 250 (Fla.App.1st 1967).
[3] Id. at 249.
[4] Miller v. Duke, 155 So.2d 627, 631 (Fla. App.1st 1963).
[5] "(12) Owner means the owner of any legal or equitable interest in real property, which interest can be reached and sold by any legal process, who enters into a contract for the improvement of such real property."