334 So.2d 59 (1976)
Marcelo TORRES, Appellant,
v.
Alexander C. MacINTYRE, Appellee.
No. 75-1077.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Chopin & Chopin, Miami, for appellant.
Adams, George, Wood, Lee & Schulte and Dewey H. Varner, Jr., Miami, for appellee.
Before BARKDULL, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Marcelo Torres is a tile subcontractor who did work in the construction of a house owned by Alexander MacIntyre. When he was not paid, Torres filed a claim of lien. His suit to foreclose the lien was decided against him because his "notice to the owner" pursuant to Fla. Stat. § 713.06(2) was served more than 45 days after Torres commenced his work.[1] This *60 appeal is from the judgment for the defendant owner.
Torres contracted with a general contractor, beginning his work on April 5, 1973, and completing it on May 29, 1973. He served his Notice of Intention to Claim a Lien on August 21, 1973, and on the same day filed his claim of lien. His suit to foreclose the lien was dismissed with prejudice.
The defendant owner did not pay the general contractor the full amount of the contract. On a date not disclosed by the record the owner discharged the contractor after having paid him $101,000.00 of the $129,000.00 contract price. The owner did not file a notice of "recommencing completion."[2]
The first question to be decided is whether a subcontractor's failure to file the notice of intention to claim a lien within 45 days of lienor's commencing to furnish his services or materials is an absolute bar to a claim of lien. We hold that it is not an absolute bar and that he may proceed unless it is shown that the owner has proceeded regularly in payments to the general contractor and that no part of the agreed contract price is unpaid. See Crane Co. v. Fine, Fla. 1969, 221 So.2d 145; 1800 North Federal Corporation v. Westinghouse Electric Supply Company, Fla.App. 1969, 224 So.2d 384; and Melnick v. Reynolds Metals Company, Fla.App. 1970, 230 So.2d 490.
This record requires a second determination concerning the burden of proceeding with the evidence of proper or improper payments to the general contractor. The lienor here urges that the record does not show proper payments to the general contractor. The owner, on the other hand, urges that the lienor has not shown that there is any money due on the contract because it was necessary for the owner to discharge the general contractor and complete the construction himself. The initial burden must of necessity be upon the lienor to show his performance of the statutory requirements of a lien. In order to do this in a case where he has not properly served his notice of intention to claim lien, the lienor must show an uncompleted contract at the time that the owner received notice by the service of a late notice of intention or service of the claim of lien. We hold that this record shows that the lienor carried this initial burden.
On the other hand, the proper payment of all funds under the contract is a matter of defense. The owner has this burden. It has not been discharged here. There is to be taken into consideration the failure of the owner to file a notice of abandonment of the contract with the general contractor and the failure to show that payments to the general contractor up to that time were proper under the contract and the mechanic's lien law. In addition, he must show that the payments made to complete the contract were necessary and proper.
Therefore, we hold that the trial judge erred in entering a final judgment for the owner upon the proofs in the record. We reverse and remand the cause with directions *61 to take such further evidence as may be presented by the parties upon the issue stated herein and for such further proceedings as shall be necessary to enter a judgment in accordance with the views herein set forth.
Reversed and remanded with directions.
NOTES
[1] All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner setting forth the lienor's name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished. This notice must be served before commencing or not later than forty-five days from commencing to furnish his services or materials but in any event before the date of furnishing the affidavit under subsection (3) (d) 1., of this section, or abandonment, whichever shall occur first. The serving of this notice shall not dispense with recording the claim of lien. This notice shall not be deemed to constitute a lien, cloud or encumbrance on said real property nor actual or constructive notice of any of the same."
[2] "713.13 Notice of commencement

"(1) An owner or his authorized agent before actually commencing to improve any real property, or recommencing completion of any improvement after default or abandonment, whether or not a project has a payment bond complying with § 713.23, shall record a notice of commencement in the clerk's office and forthwith post a certified copy thereof containing the following information:"
* * * * *