PEARSON, Judge.
This is the second appearance of this cause before the court; see Torres v. MacIntyre, 334 So.2d 59 (Fla. 3d DCA 1976). The prior appeal was from a dismissal of the complaint with prejudice for failure of the subcontractor/lienor to file the notice of intention to claim lien within forty-five days of commencing to furnish the services or materials. We held that it was not an absolute bar to the lienor’s claim that he had failed to file the notice of intention to claim lien within forty-five days of commencing to furnish the services or materials. We further held that the lienor could proceed unless it was shown that the owner had proceeded regularly in payments to the general contractor and that no part of the agreed contract price was unpaid. Citing Crane Co. v. Fine, 221 So.2d 145 (Fla.1969), and other cases following that decision. Upon return of the cause to the trial court, a trial was held and, at the conclusion thereof, a final judgment foreclosing the lien was entered. The court held that, “the plaintiff has carried the burden of proving his claim of lien but that the defendant owner has failed to meet the burden in proving his defenses.” This appeal is from that final judgment.
The defendant, MacIntyre, who is the appellant here, entered into a contract with Larry Griggs, Inc., for the construction and remodeling of defendant’s home. Griggs, in turn, hired the plaintiff, Marcelo Torres, a subcontractor, to furnish materials and labor in the construction on the home. The plaintiff-lienor failed to file a notice of intention to claim lien as provided by the statute. There is unpaid on his bill the *102 amount of $2,889.55. Thereafter, the plaintiff filed his claim of lien.
On May 29, 1973, the defendant owner was notified that the general contractor, Griggs, had abandoned his work on the property. A notice of recommencement of operations was filed by the owner on September 19, 1973.[1] The contract price between MacIntyre and the first contractor, Griggs, was for a price of $129,000. At the time of the abandonment of the contract, Griggs was paid for his services in the amount of $101,000. The record now before the court reveals that the owner paid a second contractor, James T. Russo, an additional $78,447.63 for Russo to complete the job abandoned by Griggs. The contract between MacIntyre and the second contractor, Russo, provided that Russo was “. . .to perform and complete all of the work required under the terms of the June 16, 1972, contract hereinabove referred to.” The June 16th contract was the contract with the first contractor, Griggs. The owner agreed to pay for the work on a cost-plus basis. The record is devoid of any showing that this was not a regular and proper way to complete the job. There is also no evidence in the record that the $101,000 paid to Griggs was improperly paid.
We hold that the evidence in the record of the payments under the original contract and the payments under the contract for completion adequately prove the defense that there is no fund under the holding in Crane Co. v. Fine, supra, to which the plaintiff-lienor’s claim can attach. Cf. Alton Towers, Inc. v. Coplan Pipe & Supply Co., 262 So.2d 671 (Fla.1972); Carter Sand Company, Inc. v. Baymeadows, Inc., 320 So.2d 14 (Fla. 1st DCA 1975).
The final judgment of foreclosure of lien is reversed upon the failure of the plaintiff, Marcelo Torres, to bring himself within the purview of the doctrine announced in Crane Co. v. Fine, 221 So.2d 145 (Fla.1969); and Melnick v. Reynolds Metals Co., 230 So.2d 490 (Fla. 4th DCA 1970).
Reversed.

. This notice of recommencement did not appear in the record of the first appeal and the opinion so noted. 334 So.2d 60, footnote 2.