PEARSON, Judge.
The appellants, Dr. and Mrs. Brea, were the defendants in an action to foreclose a mechanic’s lien [1] brought by a materialman, MPS Industries, Inc. The trial court struck an affirmative defense filed by the defendants and thereafter entered a summary final judgment of foreclosure. The facts were undisputed and the points presented urge an error of law in striking the affirmative defense. We affirm.
The defendant owners entered into a contract with a general contractor to build a residence for $158,600.00. A notice of commencement was filed. Some proper payments were made to the general contractor. The plaintiff materialman began furnishing materials and, on December 22,1977, served its “notice to owner.” The defendant owners made payments to the general contractor without reference to the plaintiff’s no *213 tice. These payments were in substantial amounts exceeding the amount of the plaintiff’s claim. The plaintiff perfected its lien and the defendants discharged the general contractor and paid a second contractor $168,000.00 to complete the residence.
The lienor brought suit to foreclose its lien. The owners’ affirmative defense alleged the essential facts set forth above and further alleged that there were no funds to pay the lien because the original contract price was more than exhausted by proper payments to the first general contractor, that is, the payments before service of the “notice to owner” and the reasonable cost of completion. The owners urge error upon the striking of the defense and rely upon Alton Towers, Inc. v. Coplan Pipe & Supply Co., 262 So.2d 671 (Fla.1972); MacIntyre v. Torres, 358 So.2d 101 (Fla. 3d DCA 1978), and Bryan v. Owsley Lumber Company, 201 So.2d 246 (Fla. 1st DCA 1967).
A reading of these cases shows that the Alton Towers and Bryan cases involve proper payments only. The MacIntyre ease is not helpful because it shows no factual conflict with regard to the propriety of all the payments made. We are impressed here that the plaintiff lienor has promptly done everything that he could to follow the statute and to perfect his lien. The defendant owners did not do all that they could have done under the statute to protect themselves from an allegedly incompetent general contractor, whom the owners found it necessary to discharge. See Section 713.-06(3), Florida Statutes (1977).
We recognize that where there is a fund to pay lienors created under the application of the statute and rules stated in Alton Towers, Inc. v. Coplan Pipe & Supply Co., 262 So.2d 671 (Fla.1972), that fund then belongs to the lienors pro rata. In the present case, there is an affirmative showing that only one other lien was filed, and that lienor was made a defendant in this suit but did not prove its claim. We, therefore, hold that the court properly held that the defense of “no funds” was not sufficient to bar the enforcement of the plaintiff’s claim. See Tamarac Village, Inc. v. Bates & Daly Co., 348 So.2d 23 (Fla. 4th DCA 1977).
Affirmed.

. Pursuant to § 713.01 et seq., Fla.Stat. (1977).