SHIVERS, Judge.
Maryland Casualty, the workmen’s compensation carrier for Whitley’s employer, paid Whitley certain workmen’s compensation benefits following Whitley’s compensa-ble industrial accident. Whitley settled his claim against a third party tort-feasor for $250,000, which included the subrogation interests of Maryland Casualty. The settlement check from the third party tort-feasor was made payable to Maryland Casualty and Whitley. Maryland Casualty and Whitley allegedly entered into a verbal escrow agreement.
Whitley brought a three count Amended Complaint against Maryland Casualty. The allegations of Count I are not involved on this appeal. Count II alleged that the parties had agreed to place $125,000.00 of the settlement funds in an escrow account “from which the funds could not be withdrawn without defendant’s (Maryland Casualty’s) consent until defendant’s workmen’s compensation subrogation amount had been determined by Circuit Judge Major B. Harding and paid by plaintiff.” Count II further alleges that Judge Harding ruled on the subrogation issue; that Whitley paid the amount determined by Judge Harding; and that Maryland Casualty breached the verbal agreement by refusing to consent to the release of the funds to Whitley.
Count III alleges that Maryland Casualty wrongfully deprived Whitley of the funds in the account, constituting an act of conversion and that the conversion was willful, wanton and malicious, entitling Whitley to punitive damages.
Maryland Casualty appealed the subrogation order of Judge Harding and refused to release the funds until after the appeal was determined.
The trial court dismissed Counts II and III of the Amended Complaint without leave to amend. Count I of the Amended Complaint was transferred to County Court based on the amount claimed under Count I.
We affirm the dismissal of Count III. The refusal of Maryland Casualty was at most a breach of the verbal agreement between the parties. At no time did Maryland Casualty attempt to exercise exclusive ownership of the funds in the account. At all times relevant the funds were in the joint possession of the parties.
We reverse the dismissal of Count II. Whitley’s Count II alleged that Maryland Casualty was to release the funds upon Judge Harding’s ruling. As phrased, Count II does not state a cause of action in light of Maryland Casualty’s appeal of Judge Harding’s ruling. Judge Harding’s ruling is not final until after the appeal process is exhausted. Cicero v. Paradis, 184 So.2d 212, reh. den. (Fla. 2nd DCA 1966). We are of the opinion, however, that it would be more appropriate to allow Whitley to allege with more specificity the time that Maryland Casualty agreed to release the funds. See Fouts v. Marguies, 98 So.2d 394 (Fla. 3rd DCA 1957), Richards v. West, 110 So.2d 698 (Fla. 1st DCA 1959), Lopez v. LaFuente, 343 So.2d 930 (Fla. 3rd DCA 1977), Rule 1.190, Fla.R.Civ.P.
Affirmed in part and reversed in part and remanded for proceedings not inconsistent with this opinion.
ROBERT P. SMITH, Jr., Acting C. J., and MASON, ERNEST E., Associate Judge, concur.