GLICKSTEIN, Judge,
dissenting.
In dissenting, I take some comfort in the thought that as little as I may understand the Mechanics Lien Law while responsible for interpreting it, there were possibly some legislators who understood it just about as well when they were responsible for enacting it.
In the recurring nightmare which this case evokes, the parties are standing on both sides of the river with their briefs, each with a copy of Chapter 713, Florida Statutes. There is no bridge of legislative history to either side; and in the middle of the river is an island named Alton Towers, Inc. v. Coplan Pipe & Supply Co., 262 So.2d 671 (Fla.1972), with me, at least, stranded there.
While I join with my colleagues in their decision to certify the question posed to the Supreme Court, it is just that question that occasions my dissent. Cross appellant has not satisfactorily answered it. The stipulated facts in this case establish that the owner abandoned the project for a period of time; and the majority opinion does not come to grips with that abandonment. Cross appellee has persuaded me that an owner should not be allowed to take advantage of his abandonment. Florida Steel points out that by the self-imposed hiatus in construction, costs had to go up. Why should the innocent lienor be the one to suffer under those circumstances? In my view, it should not. The owner can close down the project for a year if sales are soft and scream about the higher costs to complete one year later as a way to freeze out the initial lienors. The scenario has a flavor of herring that cross appellant does not dissipate in its brief.
Frankly, the briefs seem to talk about two different cases as each party contends a different statute governs. In my trying to get safely to one side or the other, cross appellee’s argument seems to be neater and cleaner. If the owner is going to close the project for whatever period it determines, why should not all of those in the pre-abandonment posture be taken care of first? Why should the pre-abandonment lienors be subjected to the vagaries of the period of abandonment or the refinancing and start-up months or years later? They performed and perfected their liens. Had the owner continued the project, rather than abandoning it, and all of the owners’ payments been properly made to the defaulting contractor, then Alton Towers would control. With abandonment, however, in my view, comes loss of the innocence the owner enjoyed in the eyes of the law. It makes sense to me that there should be an announced principle of law so that owners will know that when- they abandon the project, first in time/first in right will prevail.
As for the main appeal, I would reverse the trial court’s denial of prejudgment interest.
My final thought is to emphasize the absence of legislative history to guide the trial court or this court. My first responsibility is to understand the statute and what it was intended to do. It seems basic that in every trial and appeal of a matter wherein the courts are asked to construe a statute, the record must reflect the history that is available.