530 So.2d 398 (1988)
PORTER LUMBER COMPANY, INC., Appellant,
v.
TIM KRIS, INC., a Florida Corporation, Robert E. MacNab and William D. Ginn D/B/a Phoenix MacNab Properties, a Partnership, and Timothy J. Kris a/K/a Tim Kris, Appellees.
Nos. 87-1253, 87-1989.
District Court of Appeal of Florida, Fourth District.
August 17, 1988.
Rehearing and Rehearing Denied September 22, 1988.
Stephen B. Rakusin of Rakusin & Ivey, P.A., Gainesville, and McRoberts & Steger, P.A., Stuart, for appellant.
Steven L. Perry of Crary, Buchanan, Bowdish & Bovie, Stuart, for appellee-Phoenix MacNab Properties.
Rehearing and Rehearing En Banc Denied September 22, 1988.
PER CURIAM.
This is a consolidated appeal from several orders entered in a mechanics' lien action. We affirm the final judgment awarding Appellant Porter Lumber a mechanics' lien together with attorneys fees and costs and reverse the order denying the motion to vacate the satisfaction of judgment.
The facts are briefly that Porter Lumber had supplied building materials for a townhouse development which was constructed by the owner/developer, Phoenix MacNab Properties, in Martin County in 1983. Phoenix MacNab had contracted with Kris, a building contractor, to perform some of the construction and Kris obtained building materials for the job from Porter Lumber under an open line of credit. Kris worked on the townhouse development for four months and then abandoned the job without paying Porter the amount of $77,112.37 for materials which were subsequently incorporated into the job by another contractor *399 hired by Phoenix MacNab to complete the project.
Porter filed suit against Kris and Phoenix MacNab to recover the unpaid sum, alleging breach of contract against Kris and seeking a mechanics' lien recovery against Phoenix MacNab. Kris did not respond to the lawsuit and Porter obtained a default judgment against Kris for $96,314.84, which included the amount left unpaid on the Porter account, interest, costs and attorneys fees. Porter also recovered under a mechanics' lien against Phoenix MacNab for $12,439.03 plus interest, attorneys fees and costs. Porter has appealed the mechanics' lien award.
Porter alleges error in the trial court's determination of the amount of money available to satisfy the claims of lienors. Porter contends that the court should have calculated its lien from the funds available for completion of construction at the time that Kris abandoned the job, or $274,900, rather than $16,756.32, which remained after payments to Kris and the reasonable costs of completion were deducted from the contract price. Pursuant to Alton Towers, Inc. v. Coplan Piper & Supply Co., 262 So.2d 671 (Fla. 1972) and Tamarac Village, Inc. v. Bates & Daly Co., 348 So.2d 23 (Fla. 4th DCA 1977), Porter contends that it was entitled to the more favorable calculation because Phoenix MacNab did not comply with the mechanics' lien law.
We affirm the final judgment based on the lower court's conclusion that Phoenix MacNab complied with the mechanics' lien law and the determination that Porter was entitled to its pro rata share of $16,756.32 which remained, after a deduction of Phoenix MacNab's payments to Kris and the reasonable costs of completion, from the total contract price. Alton Towers; Tamarac Village, Inc. v. Bates & Daly Co., 348 So.2d 23 (Fla. 4th DCA 1977); Meredith v. Lowe's of Florida, Inc., 405 So.2d 1061 (Fla. 4th DCA 1981); Miller v. Duke, 155 So.2d 627 (Fla. 1st DCA 1963).
We reverse the order denying appellant's motion to vacate the satisfaction of judgment entered per section 55.141, Florida Statutes (1987). Section 55.141, Florida Statutes (1987) requires a judgment to be final before it can be satisfied by a deposit in the court registry. The record shows that the time for appeal had not passed as of the date the satisfaction issued and, in fact, the appellant entered an appeal from the final order on the same day the satisfaction was entered by the clerk of court. The appellate process was timely invoked and therefore the judgment will not be final until it is completed, when the mandate is issued. McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987); Whitley v. Maryland Casualty Company, 376 So.2d 476 (Fla. 1st DCA 1979; Cicero v. Paradis, 184 So.2d 212 (Fla. 2d DCA 1966).
We affirm the final order awarding appellant a mechanics' lien with attorneys' fees and costs. We reverse the order denying the motion to vacate a satisfaction of judgment, with instructions to vacate the satisfaction of judgment.
AFFIRMED IN PART; REVERSED IN PART WITH INSTRUCTIONS.
DOWNEY, WALDEN and GUNTHER, JJ., concur.