PER CURIAM.
Appellants seek review of the trial court’s denial of their motion to set aside satisfaction of judgment. We reverse and remand for further proceedings consistent with this opinion.
Hours before the scheduled sale of appel-lee’s property, he paid appellant’s judgment against him and the sheriff issued a receipt marked “Payment of Judgment (Full).” However, the record indicates that a satisfaction of judgment was never obtained and therefore, appellants could not set it aside. In essence, appellants sought to stay entry of the satisfaction of judgment because their judgment did not include the attorney’s fees awarded to them.
Porter Lumber Co., v. Trim Kris, Inc., 530 So.2d 398 (Fla. 4th DCA 1988), stands for the proposition that a satisfaction of judgment cannot be entered before the time for appeal has passed. Although Porter is factually distinguishable, the court held:
We reverse the order denying appellant’s motion to vacate the satisfaction of judgment entered per section 55.141, Florida Statutes (1987). Section 55.141, Florida Statutes (1987) requires a judgment to be final before it can be satisfied by a deposit in the court registry. The record shows that the time for appeal had not passed as of the date the satisfaction issued and, in fact, the appellant entered an appeal from the final order on the same day the satisfaction was entered by the clerk of court. The appellate process was timely invoked and therefore the judgment will not be final until it is completed, when the mandate is issued. (citations omitted)
Id. at 399. Sub judice, appellee filed an appeal of the final judgment before the sheriff’s levy on the property, before the appellee paid the judgment and before the sheriff issued appellee the receipt. Thus, the trial judge erred in denying appellant’s motion which we choose to treat as a motion to stay entry of satisfaction of judgment. Until a mandate issued in the appeal, the judgment was not final. Until the judgment became final, it could not be satisfied.
REVERSED AND REMANDED.
GUNTHER, STONE and GARRETT, JJ., concur.