737 So.2d 604 (1999)
GULFSIDE PROPERTIES CORPORATION, a Florida Corporation, Appellant,
v.
CHAPMAN CORPORATION, an Alabama Corporation, Appellee.
No. 99-161.
District Court of Appeal of Florida, First District.
July 15, 1999.
*605 Steven B. Bauman of Smith, Grimsley, Bauman, Pinkerton, Petermann & Wells, Fort Walton Beach, for Appellant.
Edward M. Price, Jr., of Farmer, Price, Hornsby & Weatherford, L.L.P., Dothan, Alabama, for Appellee.
DAVIS, J.
Appellant owner, Gulfside Properties Corporation ("Gulfside"), appeals an Order of Judgment in favor of Chapman Corporation ("Chapman"), the materialman, in a suit to enforce a construction lien. The trial court concluded that because Gulfside failed to sign its notice of commencement as owner as required by section 713.13(1)(g), Florida Statutes (1993), Gulfside could not assert lack of proper notice to owner as a defense to Chapman's suit to enforce a construction lien against Gulfside's property. Because we hold that the defect in Gulfside's notice of commencement did not excuse Chapman from complying with the applicable provisions of the construction lien law, section 713.06, Florida Statutes (1993), which required Chapman to serve a statutorily prescribed notice on owner, we reverse the judgment in favor of Chapman.
Gulfside, the owner of a real estate development known as Hidden Dunes Beach Villas, entered into an agreement with Willis Construction, Inc. ("Willis") as general contractor for the completion of Phase 7 of the beach villas project. Willis, through its president, Ronnie Willis, signed and filed an application for building permit and notice of commencement. The building permit application identified Gulfside Properties as the owner of the subject property. Although the notice of commencement identified Gulfside Properties as the owner, listed the correct address of the owner, and further designated a servicing agent for the owner, Ronnie Willis signed his own name on the line indicated for the owner's signature. The notice of commencement was filed and recorded in Walton County, and the parties stipulated that it was properly posted on the job site.
Shortly thereafter, Willis contracted with Chapman to provide labor and materials for the project. On the same date that the contract was executed, Chapman delivered to Willis, via facsimile transmission, a copy of an invoice indicating a contract price of $89,468.92. Chapman subsequently delivered materials and generated a second invoice indicating an additional contract price of $906.04. Willis submitted the Chapman invoices to Gulfside as part of its request for monthly payments. Together with its draw requests, Willis provided Gulfside with lien waivers representing that all parties who furnished materials, supplies, labor, and/or services to Willis in connection with the project had been paid in full, and that the property could not be made subject to any valid lien or claim by anyone who furnished material, supplies, labor, or services to Willis. Gulfside paid Willis in full the amount stated in the invoices, but Willis only paid Chapman a total of $70,617.23.
*606 Chapman recorded a construction lien in Walton County claiming the unpaid balance of $19,757.73 and notified Gulfside, by certified mail, of the unpaid amount and claim of lien. Chapman filed a complaint against Gulfside to enforce the construction lien and, in the alternative, claimed quantum meruit/unjust enrichment. Gulfside paid the disputed amount to the Clerk of the Circuit Court of Walton County, and the parties stipulated that there was no dispute as to the amount of damages. The parties agreed to try the case on written briefs and exhibits submitted to the trial court. The trial court rendered judgment in favor of Chapman as to the viability of the construction lien and in favor of Gulfside as to the claim of unjust enrichment or quantum meruit. The only issue on appeal is whether Chapman properly perfected its construction lien against the subject property in compliance with the requirements of Florida's construction lien law.
On appeal, Gulfside argues that Chapman failed to comply with the construction lien law because Chapman did not serve a notice to owner as required by section 713.06; that Gulfside's failure to sign the notice of commencement as owner did not excuse Chapman's service of a notice to owner; and that Chapman's failure to make any effort to serve the notice to owner is a complete defense to the action seeking enforcement of its claim of lien.
Chapman counters that section 713.13(1)(g) requires that the owner must sign the notice of commencement and that this requirement is undelegable. Chapman further contends that, because the notice of commencement was signed by Willis, it must be considered null and void and without legal effect. Alternatively, Chapman responds that it relied upon Gulfside's misrepresentation on the notice of commencement and served its invoices and job proposal, which it characterizes as notice to owner, on Willis rather than Gulfside, and thus Gulfside should be estopped from raising lack of notice as a defense when Chapman reasonably relied upon the alleged misinformation contained in Gulfside's notice of commencement.
We agree with Gulfside that the defective notice of commencement did not excuse Chapman from the requirement that it serve a notice to owner pursuant to section 713.06, and that the invoices sent to Willis did not constitute the notice to owner expressly set forth in the construction lien law. In reaching this decision, we are guided by the well-settled principles of statutory construction. "Mechanic's[[1]] lien law is a creature of statute and must be strictly construed." Stunkel v. Gazebo Landscaping Design, Inc., 660 So.2d 623, 625-26 (Fla.1995) (citation omitted). In Stunkel, the Florida Supreme Court noted that the purposes of the mechanic's lien law were to protect suppliers who furnish labor or materials to the property by assuring them full payment, and to protect owners by requiring subcontractors to provide notice of possible liens, thereby preventing double payments to a contractor and subcontractor, material supplier, or laborer for the same services or materials. See id. (citations omitted).
A notice of commencement signals the initiation of a construction project. See § 713.01(4), Fla. Stat. (1993) (defining the "commencement of the improvement" as the time for filing the notice of commencement). Although it has been recognized that a key function of the notice of commencement is to provide the lienor and other third parties with the information necessary for filling out notices and other documents, see Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254, 1259 (Fla. 4th DCA 1984), the construction lien law itself now provides other methods for the lienor to obtain the information necessary to file a notice to owner in the absence of a notice of commencement. See *607 § 713.06(2)(e), Fla. Stat. (1993) (providing that in the absence of a recorded notice of commencement, the lienor may rely on the information contained in the building permit application to serve the notice to owner); see also § 713.18(1)(b), Fla. Stat. (1993) (providing for service by registered or certified mail to the last address shown in the building permit application "in the absence of a notice of commencement").
Although the trial court properly found that the notice of commencement as signed by Ron Willis was not valid,[2] it erred in ruling that, because the notice of commencement was invalid, Gulfside was "prohibited from asserting as a defense the lack of proper Notice to Owner." Here, Chapman never served a notice to owner and made no good faith effort to ever serve such a notice on Gulfside. The notice to owner is a separate requirement of the construction lien law. As an entity not in privity with the owner, Chapman's rights to a lien are as provided in section 713.06. See § 713.02(4), Fla. Stat. (1993). As a prerequisite to perfecting a lien and recording a claim of lien, Chapman had to serve a notice on Gulfside in substantial compliance with the form set forth in section 713.06(2)(c) (Notice to Owner) before commencing (or no later than 45 days after commencing) to furnish the services or materials. See § 713.06(2)(a), Fla. Stat. (1993). The "failure to serve the notice, or to timely serve it, is a complete defense to enforcement of a lien by any person." § 713.06(2)(a), Fla. Stat. (1993). The initial burden in a suit to foreclose a lien is on the lienor to demonstrate his performance of statutory requirements of lien. See Torres v. MacIntyre, 334 So.2d 59 (Fla. 3d DCA 1976). Chapman failed to carry its burden.
There is no support in the law for Chapman's argument that Gulfside's invalid notice of commencement exempted Chapman from the other requirements of the construction lien statutes. We also reject Chapman's alternative argument, i.e., that his invoices and job proposal, as faxed to Willis, constituted a proper notice to owner.
It is undisputed that Chapman failed to serve a written notice to owner upon Gulfside in the form required by section 713.06(2)(c). Chapman's alternative argument that its facsimile transmission of an invoice and proposal constituted a notice to owner is without merit. "[T]he plain language of section 713.06 indicates the legislature's intent that service of a written notice which includes the warnings contained in section 713.06(2)(c) is a prerequisite to perfecting a lien under Chapter 713." Mirror and Shower Door Prods., Inc. v. Seabridge, Inc., 621 So.2d 486, 487 (Fla. 4th DCA 1993) (acknowledging that only immaterial errors and omissions in the form of the notice to owner have been excused by courts). Chapman did not serve a written notice which included statutory warnings, and the lack of those warnings was fatal to establishing its lien against the subject property. For the foregoing reasons, we hold that the trial court erroneously barred Gulfside from raising the "complete defense" to the lien on the subject propertythat Chapman failed to serve the notice to owner. Chapman's alleged notice was fatally defective, and the trial court should have entered judgment in favor of Gulfside.
Accordingly, we reverse the judgment in favor of Chapman and remand with directions to enter judgment for Gulfside.
BARFIELD, C.J., and KAHN, J., concur.
NOTES
[1] In 1990, Chapter 713, Part I, was changed from mechanics' lien to construction lien. See ch. 90-109, § 1, at 309-310, Laws of Fla.
[2] The notice of commencement was invalid because it was not signed by the owner. See § 713.13(1)(g), Fla. Stat. (1993). It is undisputed in the record below, however, that the remainder of the information listed on the notice (i.e., name of owner, owner's percentage interest, address, name of general contractor, and name of person designated by owner for service) was true and accurate.