PER CURIAM.
A jury returned a verdict in favor of Universal Business Systems, Inc. (“UBS”) and against Disney Vacation Club Management Corp. (“DVC”) on UBS’s breach of contract claim. Following the jury’s verdict the trial court reduced the verdict to a nominal amount, stating UBS had not adequately proved the damages. We reverse.
The trial court in its Memorandum of Ruling expressed concern that UBS had not established the fair market value of a *8 computer software product jointly developed by UBS and DVC. Under the terms of the agreement, DVC was obligated to deliver the product to UBS but failed to do so. On appeal DVC concedes that it failed to preserve the product and thus is unable to deliver it to UBS. The trial court’s ruling improperly allows DVC to benefit from its destruction of the software product. See Miller v. Allstate Ins. Co., 578 So.2d 24 (Fla. 3d DCA 1990).
The trial court also improperly acted as a seventh juror in reweighing the credibility of UBS’s witnesses as to the value of the software not produced. Placido Gardens Condominium Ass’n v. Johnson, 563 So.2d 826, 828 (Fla. 2d DCA 1990) (“trial judge was merely disagreeing with the jury’s determination of what weight to accord the evidence and [was] thus imper-missibly acting as a seventh juror with veto power.”) The fact that a sale of a competing timeshare software business included the value of that business’s goodwill did not make the evidence of that sale irrelevant. The former owner of that business testified that the software was the main asset of his business. The fact that the business may have had additional value in its goodwill above and beyond the goodwill existing in UBS was a fact for the jury to sort out and weigh. Substantial competent evidence of the market value of the software as determined by the jury was presented through the testimony of UBS’s expert and other witnesses.
UBS also asserts that the trial court’s ruling is flawed by its admitted participation in improper ex-parte communications regarding the issue of damages. This assertion is based on the trial court’s statement contained in its Memorandum explaining its ruling:
I made a few inquiries of computer consultants and experts, describing the general nature of this task and asking if there were a practical way to approximate the cost to a retailer to take the original UBS software and bring it up to the “modified version” in use at Disney.
The court went on to state that its decision was consistent with the input it had received from these consultants and experts. UBS argues that these conversations violate Canon 3 B(7) of the Code of Judicial Conduct.
We do not make a comment as to whether the trial court violated Canon 3 B. However, it is clear from the trial court’s own statement and the record before us that the trial court improperly considered information gleaned from ex-parte communications in reaching its decision to override the jury’s verdict.
REVERSED.
W. SHARP, HARRIS and PETERSON, JJ., concur.