561 So.2d 1222 (1990)
Lois V. SHAKARIAN and David H. Lucas, As Ancillary Personal Representatives of the Estate of David B. Shakarian, Deceased, and Bonita Bay Properties, Inc., Appellants,
v.
Gary DAUM and Bart Shakarian, Appellees.
Gary DAUM and Bart Shakarian, Appellants
v.
Lois V. SHAKARIAN, et al., Appellees.
Nos. 87-03154, 87-03155, 88-00270, 88-00271, 88-00282, 88-00283, 88-00491 through 88-00494.
District Court of Appeal of Florida, Second District.
April 25, 1990.
Rehearing Denied June 5, 1990.
*1223 George H. Bailey and Mark B. Kleinfeld of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for Lois V. Shakarian, David H. Lucas and Bonita Bay Properties.
Michael S. Grossman of Michael S. Grossman and Associates, P.A., Coconut Grove, and Louis X. Amato, Jeffrey R. Becker and A. Eric Anderson of Amato, Anderson & Nickel, Naples, for Gary Daum and Bart Shakarian.
PER CURIAM.
These appeals are from four nonfinal rulings. We reverse two and affirm two.
We reverse the summary judgment dated January 26, 1988, which in effect awarded plaintiffs a percentage interest in profits from a land development project. The award was based upon a February 9, 1984 memorandum asserted to express either a gift to plaintiffs from the decedent, whose affairs are the subject of this litigation, or a contract with decedent. There are in this regard issues of fact inappropriate for resolution by summary judgment, including those as to the intent of the decedent in writing the memorandum relative to whether the memorandum embodied a gift, a contract, or either. Questions to be resolved in that regard include why future services to be performed for decedent by one of the plaintiffs were referred to in the memorandum if the memorandum was intended to reflect a gift, and, on the other hand, if the memorandum represents a contract, whether those services were consideration for plaintiffs' right to a percentage of profits in light of plaintiffs' testimony which defendants argue was that the entire consideration was past services rendered by them.
We reverse the order dated October 22, 1987 which awarded certain sums to plaintiffs appearing in an accounting. While the order provided that plaintiffs were entitled to execution and levy upon the award of those sums, it also contained a reservation of jurisdiction permitting the plaintiffs to challenge the sufficiency of those sums if that accounting was not verified by them. Execution is permitted only on judgments which determine with finality the rights and liabilities of the parties. 24 Fla.Jur.2d Executions § 5 (1980). The foregoing reservation prevented the order from having the finality of a judgment requisite for purposes of execution.
We affirm for the following reasons the summary judgment dated December 28, *1224 1987 for defendants as to counts V, VI and VII of plaintiffs' third amended complaint.
First, Count V alleged that defendants fraudulently induced decedent to omit from his will bequests to plaintiffs of corporate stock, such bequests having been included in decedent's prior will. Those contentions could have been asserted in the probate proceedings but were not. No showing has been made that there could not have been adequate relief there. See DeWitt v. Duce, 408 So.2d 216 (Fla. 1981). See also Kramer v. Freedman, 272 So.2d 195 (Fla. 3d DCA 1973), cert. discharged on other grounds, 295 So.2d 97, 100 (Fla. 1974). As to the other allegations in count V that bequests to plaintiffs of certain corporate stock were wrongfully omitted from decedent's will because decedent had promised same to plaintiffs in exchange for their promises to continue their employment, those allegations are contradicted by the July 10, 1984 agreement between plaintiffs and decedent which plaintiffs rely upon in their counts I and II. That agreement includes in pertinent part the following provision: "The parties hereto agree that this Agreement supersedes and replaces any other agreement or understanding the parties may have had concerning Consultant's [plaintiffs'] interest in or right to compensation attributable to services relating to the Project... ." Thus, under plaintiffs' own allegations any promise by decedent as alleged in count V to have been made in exchange for plaintiffs' continued employment appears to have been superseded and replaced.
Second, the allegations of count VI concerning defendants having had or having lost or destroyed a document confirming plaintiffs' claims do not state a cause of action and appear to involve essentially evidentiary matters as to other counts.
Third, as to the allegations of count VII grounded upon tortious interference by defendants with various interests of plaintiffs, the trial court did not err in determining in effect that there was no evidence produced by plaintiffs of conduct of defendants which would justify relief under count VII. Compare Southern Bell Telephone & Telegraph Co. v. Roper, 482 So.2d 538 (Fla.3d DCA 1986) (tortious interference shown by evidence of actions taken with spite or ill will without a lawful objective). See 45 Am.Jur.2d, Interference § 3, p. 281 (1969).
Fourth, we do not conclude that the trial court abused its discretion in not continuing the summary judgment hearing.
We affirm the summary judgment dated December 28, 1987 in favor of plaintiffs as to defendants' counterclaims. The counterclaims alleged that the plaintiffs' petition for revocation of probate and their attacks in the probate court and otherwise upon certain acts of the personal representatives constituted tortious interference by plaintiffs with various interests of defendants and were in bad faith without good cause. The trial court did not err in determining in effect that there was no evidence produced by defendants justifying relief under the counterclaims. Compare Roper.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and LEHAN and FRANK, JJ., concur.