575 So.2d 1345 (1991)
GEICO FINANCIAL SERVICES, INC., Appellant,
v.
Arthur KRAMER, Appellee.
No. 90-0272.
District Court of Appeal of Florida, Fourth District.
February 27, 1991.
Rehearing Denied April 1, 1991.
*1346 Ricardo H. Piedra of Valdes-Fauli, Cobb, Petrey & Bischoff, P.A., Miami, for appellant.
Samuel L. Heller of Samuel L. Heller, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from an order dissolving writs of garnishment and denying a motion for entry of judgments in garnishment. We reverse and remand.
Appellant, GEICO Financial Services (GEICO), obtained a judgment against appellee in the amount of approximately $200,000. Thereafter, "Findings and Final Judgment" was entered by the trial court in appellee's dissolution proceedings with his wife, by which the trial court awarded him fifty percent of various accounts, funds, and stocks held in the wife's name or the name of her business. GEICO then served writs of garnishment on the holders of these assets as garnishees.
Appellee moved to dissolve the writs, alleging that his interest was equitable thus not garnishable and that the "Findings and Final Judgment" was not a final order because it lacked the acceptable language of finality. GEICO moved the trial court for final judgments against the garnishees.
The trial court entered an order, dissolving the writs and denying GEICO's motion for judgments. On GEICO's subsequent motions for reconsideration and for stay of proceedings pending appeal, the trial court stayed the order dissolving writs of garnishment and the order denying the rehearing of this order, conditioned upon the posting of a supersedeas bond, which appellant posted.
We find merit to appellant's first argument that the trial court erred in concluding the "Findings and Final Judgment" of October 13, 1989, was not a final judgment. In Florida a judgment is final where nothing further remains to be done to fully effectuate termination of the cause between the parties directly affected except enforcement by execution or otherwise. Joannou v. Corsini, 543 So.2d 308, 310 (Fla. 4th DCA 1989).
The language "for which let execution issue" is not essential to the finality of a judgment. Chan v. Brunswick Corp., 388 So.2d 274, 275 (Fla. 4th DCA 1980); City of Haines City v. Allen, 549 So.2d 678 (Fla. 2d DCA 1989). A self-executing final judgment in an action wherein no further judicial labor is required or contemplated ends the litigation between the parties. It is truly a final judgment. Benestad v. Benestad, 459 So.2d 464 (Fla. 4th DCA 1984). In dissolution of marriage actions, the property division of a judgment is self-executing in that section 61.075(2), Florida Statutes (1989), states as follows:
(2) The judgment distributing assets shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition which is recorded in the county where the property is located *1347 when the judgment, or a certified copy of the judgment, is recorded in the official records of the county in which the property is located.
The "Findings and Final Judgment" falls under this section. It was recorded in Broward County, where the property is located. Hence, by operation of law, as appellant contends, once final, the "Findings and Final Judgment" would transfer fifty percent of the funds being held by the three garnishees to appellee.
The judgment states that the court retained jurisdiction, "to make certain that the findings of this Final Judgment are executed." This reservation of jurisdiction language does not affect the finality of the judgment, for the purpose of the reservation is to enforce the judgment. See Finston v. Finston, 160 Fla. 935, 37 So.2d 423, 424 (1948). Appellee's reliance on Olin's Inc. v. Avis Rental Car Sys., 100 So.2d 825 (Fla.3d DCA 1958), is misplaced because the court in Olin's retained jurisdiction to determine and adjudicate issues raised in two paragraphs of the plaintiff's complaint.
Although neither party claims that the appeal of the distribution of the marital assets in Kramer v. Kramer, Case No. 89-3047, affects the finality of the judgment, that appeal in fact prevents execution of the "Findings and Final Judgment." Florida follows the rule that a judgment becomes final only when the appellate process, once started, has been completed. Porter Lumber Co. v. Tim Kris, Inc., 530 So.2d 398, 399 (Fla. 4th DCA 1988); McCuiston v. State, 507 So.2d 1185, 1186 (Fla. 2d DCA 1987), approved, 534 So.2d 1144 (Fla. 1988); Whitley v. Maryland Casualty Co., 376 So.2d 476, 477 (Fla. 1st DCA 1979); Cicero v. Paradis, 184 So.2d 212, 214 (Fla. 2d DCA 1966). Appellee in the instant case started the appellate process by filing a notice of appeal of the Findings and Final Judgment and this case is pending in this court. Kramer v. Kramer, Case No. 89-3047. Although the Findings and Final Judgment is final for purposes of appeal, the appeal process prevents it from being final for some other purposes.
The trial court determined that fifty percent of the funds equitably belonged to appellee. This interest, although equitable, can be reached. See Fehlhaber v. Fehlhaber, 850 F.2d 1453 (11th Cir.1988); Ginsberg v. Goldstein, 404 So.2d 1098, 1100 (Fla. 3d DCA 1981); James v. Commercial Bank, 310 So.2d 399 (Fla. 4th DCA 1975). However, it cannot now be reached until the appeal of Kramer v. Kramer, Case No. 89-3047, is completed because the trial court in the divorce action entered a stay order, in lieu of a supersedeas bond, freezing the marital assets.
Appellant argues that the proper remedy for the trial court in the instant case would have been to stay the garnishment proceedings rather than to dissolve the writs. We agree. See Florida Steel Corp. v. A.G. Spanos Enter., Inc., 332 So.2d 663 (Fla. 2d DCA 1976), which holding this court cited with approval in Richard's Paint Mfg. Co. v. Onyx Paints, Inc., 394 So.2d 1064, 1066 (Fla. 4th DCA 1981).
Accordingly, we reverse and remand with direction to stay the garnishment proceedings pending the appeal in Kramer v. Kramer, Case No. 89-3047. Subject to consistency with the decision therein, the trial court is then directed to proceed further in accordance herewith.
GLICKSTEIN, WARNER and GARRETT, JJ., concur.