COBB, Judge.
The issue in this appeal concerns whether a writ of execution, pursuant to which a sheriffs sale was ordered, is based upon a final judgment. We find that it is not and reverse the trial court’s order denying the defendant’s motion for order staying sale.
Execution is only permitted on judgments which determine with finality the rights and liabilities of parties. Shakarian v. Daum, 561 So.2d 1222 (Fla. 2d DCA 1990). Here the judgment on quantum meruit is not a final judgment because: (1) it lacks language typically associated with entry of a final money judgment such as “for which sums let execution issue,” and (2) more importantly, the judgment does not end the judicial labor in the cause as the defendant’s compulsory counterclaim for damages arising out of the filing of an alleged fraudulent lien has not been adjudicated.[1] The order denying stay is reversed and the cause remanded for further proceedings including entry of a final judgment.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
DAUKSCH and GOSHORN, JJ., concur.

. The defendant's claim that the judgment is not final because, while it awards attorney’s fees and costs, it fails to adjudicate these amounts, is without merit. See Morand v. Stoneburner, 516 So.2d 270 (Fla. 5th DCA 1987).