869 So.2d 1283 (2004)
FREEDOM INSURORS, INC., a Florida corporation, Appellant,
v.
M.D. MOODY & SONS, INC., a Florida corporation, Appellee.
No. 4D03-2831.
District Court of Appeal of Florida, Fourth District.
April 21, 2004.
*1284 Steven M. Pincus of C. Brooks Ricca, Jr. & Associates, P.A., West Palm Beach, for appellant.
Lawrence Bunin of Lawrence Bunin, P.A., Plantation, and Bradshaw Lotspeich, Miami Beach, for appellee.
GROSS, J.
Appellant, Freedom Insurors, Inc. appeals the circuit court's order staying a writ of garnishment, but not dissolving it. We affirm. The trial court followed precedent in staying a garnishment proceeding once a supersedeas bond became effective.
Appellee, M.D. Moody & Sons, Inc., recovered a final judgment against Freedom for $526,634.88, after taking into account a partial satisfaction of judgment. Freedom timely appealed the judgment. On April 15, 2003, Freedom obtained a supersedeas bond in the amount of $589,831.06 in favor of Moody through Machinery Insurance, Inc. However, Freedom did not file the bond with the clerk of the circuit court.
On May 9, 2003, Moody filed a motion for writ of garnishment. The writ issued and was served on the garnishee, Regions Bank, which answered on June 9 that it had $39,481.54 of Freedom's property in its possession. On June 13, 2003, Freedom moved to dissolve the writ, arguing that by posting the bond, it was entitled to an automatic stay pending appellate review. Also on June 13, Freedom filed the supersedeas bond with the clerk of the circuit court.
On the motion to dissolve, the circuit court ruled: "The writ of garnishment is stayed, but not dissolved. The amount of the supersedeas bond may be reduced by $39,481.54."
Freedom argues that the automatic stay provided for in Florida Rule of Appellate Procedure 9.310(b)(1) became effective on April 15, 2003, when it obtained the bond.
We hold that the stay did not become effective until Freedom filed the bond with the clerk on June 13, 2003. Freedom did not "post" the bond within the meaning of rule 9.310(b)(1) when it obtained the bond on April 15; "posting" requires the further act of filing the bond with the clerk of the circuit court.
Rule 9.310(b)(1) states that a party may obtain an automatic stay pending review, by "posting a good and sufficient bond." The rule also states that multiple parties having common liability may "file a single bond." The rule should not be read to create a different procedure for single and multiple parties. The act of filing a bond requires service of the bond on all parties. See Fla. R.App. P. 9.420(b). Without such service, the parties might be unaware that an automatic stay has gone into effect.
*1285 For the purpose of determining the moment when an automatic stay becomes effective under rule 9.310(b)(1), case law has treated "posting" as a synonym for "filing," which rule 9.420(a)(1) defines as filing with the clerk or the court. See Mellon United Nat'l Bank v. Cochran, 776 So.2d 964 (Fla. 3d DCA 2000) (indicating that "[n]o notice of appeal, motion for stay or supersedeas bond was filed by [the individual party]") (emphasis added); City of Miami v. Arostegui, 616 So.2d 1117, 1120 (Fla. 1st DCA 1993) (observing that under rule 9.310(b)(1), the "filing of the appropriate bond triggers the automatic stay").
The effect of perfecting a supersedeas is that it "stays further proceedings, but does not interfere with what has already been done." Thalheim v. Camp Phosphate Co., 48 Fla. 190, 37 So. 523, 525 (1904). As the supreme court has explained:
A supersedeas has the effect to suspend all further proceedings in relation to the judgment, but it does not, like a reversal, annul it. Being preventive in its effect, it does not undo or set aside what the trial court has adjudicated, but simply stays further proceedings in relation to the judgment appealed from until the appellate court acts upon the decision of the lower court.
Bacon v. Green, 36 Fla. 313, 18 So. 866, 869 (1894).
Given the supreme court's characterization of the effect of a supersedeas, the proper remedy in this case was to stay the garnishment proceeding once the supersedeas went into effect on June 13. See Fla. Steel Corp. v. A.G. Spanos Enters., Inc., 332 So.2d 663, 664-65 (Fla. 2d DCA 1976) (holding that where judgment has been superseded pending appeal, a garnishment proceeding directed at that judgment should be stayed, and not dissolved); see also GEICO Fin. Servs. v. Kramer, 575 So.2d 1345, 1347 (Fla. 4th DCA 1991) (following Fla. Steel); Richard's Paint Mfg., Co. v. Onyx Paints, Inc., 394 So.2d 1064, 1066 (Fla. 4th DCA 1981) (same). This is what the circuit court did; the court accommodated Freedom by reducing the amount of the bond by the amount held in the garnishment.
We reject Freedom's argument that the circuit court did not have jurisdiction to issue the writ of garnishment because of the language of the final judgment. See Friedman v. Friedman, 825 So.2d 1010, 1011 (Fla. 4th DCA 2002) ("There is no need, either for purposes of finality, or for obtaining a writ of execution, for a money judgment to provide for execution to issue.... Execution only needs to be addressed if the court wishes to stay execution."); Kramer, 575 So.2d at 1346 (finding that executory language in a final judgment is not essential to the finality of the judgment).
AFFIRMED.
WARNER and STEVENSON, JJ., concur.