PER CURIAM.
First Union National Bank of Florida petitions this court for a writ of mandamus to compel the trial court to issue a continuing writ of garnishment pursuant to section 77.0305, Florida Statutes.
A final judgment was entered in favor of First Union and against the debtors for $91,353.39. The debtors were credited $76,714.00. First Union moved for a post- *717 judgment continuing writ of garnishment pursuant to section 77.0305 to collect the balance of the debt and the post-judgment interest. The trial court denied the motion, concluding that the debtors were entitled to notice and a hearing before issuing the writ of garnishment.
The Florida Supreme Court has recognized that there is a distinction between pre-judgment and post-judgment garnishment. United Presidential Life Ins. Co. v. King, 361 So.2d 710, 713 (Fla.1978). Post-judgment garnishment provides a procedure for enforcement of a judgment after the validity of the debt has been adjudicated. Id. In this situation, the supreme court held, “neither due process under the Fourteenth Amendment of the United States Constitution nor any provision of the Florida Constitution requires prior notice to a judgment debtor and a hearing before a writ of garnishment may issue.” Id.
Because First Union recovered a judgment against the debtors, First Union has the right to a writ of garnishment. § 77.01, Fla. Stat. (2003). Upon motion by the plaintiff (First Union), the court shall issue the continuing writ of garnishment. §§ 77.03 and 77.0305, Fla. Stat. (2003). Once the writ issues, the garnishee has twenty days to serve an answer. § 77.04, Fla. Stat. (2003). In addition, upon issuance of the writ, if the debtor is an individual, the clerk of the court shall attach a notice of right against garnishment of wages or other property. § 77.041, Fla. Stat. (2003). Pursuant to section 77.041, the debtor can claim certain exemptions in writing, and the debtor has the right to request a hearing. After the garnishee serves its answer, or the time for service has expired, the petitioner is required to serve the debtor with the garnishee’s answer and a notice that the debtor must move within twenty days to dissolve the writ if any of the allegations in the motion for garnishment are untrue. § 77.055, Fla. Stat. (2003).
First Union is entitled to a post-judgment writ of garnishment, and the debtors do not have a right to a hearing before issuance of the writ. Therefore, we grant the petition for writ of mandamus. The circuit court shall issue the continuing writ of garnishment in accordance with Chapter 77, Florida Statutes.
STONE, TAYLOR and HAZOURI, JJ., concur.