# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1452
Lower Tribunal No. 12-25666
_____

**Charter Schools USA, Inc., et al.,**
Appellants,

vs.

**John Doe No. 93, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice A. Butchko, Judge.

Carlton Fields Jorden Burt, Peter D. Webster and Christine Davis Graves, (Tallahassee), for appellants.

Jeff Herman, Stuart S. Mermelstein, Maureen Connor and Arick W. Fudali, (Boca Raton), for appellees.

Before WELLS, SALTER and FERNANDEZ, JJ.

WELLS, Judge.

Charter Schools USA, Inc., The Downtown Charter School, Inc., Charter Schools USA at Downtown Miami, L.C. (collectively Charter Schools) appeal from an order denying their motion to dissolve writs of garnishment and to enforce supersedeas bond. We find no error in the order on appeal and affirm.

This action was commenced on behalf of a minor child who claimed to have been sexually abused by another student while attending a Charter School. In April of 2014, a jury awarded $5,250,000 to the child and on April 23 a final judgment was entered in the child's favor. The judgment was recorded in the public records of Miami-Dade County, Florida on April 25.

On April 30, 2014, Charter Schools filed a timely Florida Rule of Civil Procedure 1.530 motion for judgment notwithstanding verdict or in the alternative for a new trial or, remittitur. These motions were heard and denied on June 9 with the trial court signing an order that day. The following day, the minor child filed motions for issuance of writs of garnishment and writs of garnishment were issued on June 10 and 11.[1]

On June 13, four days after the order denying Charter Schools' post-judgment motions was signed, the order was docketed by the Clerk of the Circuit Court. That same day, Charter Schools filed a notice of appeal from the final

---

[1] See C & S Plumbing, Inc. v. Live Supply, Inc., 397 So. 2d 998, 999 (Fla. 4th DCA 1981) ("A writ of garnishment is one form of final process to enforce a judgment solely for the payment of money. See Fla.R.Civ.P. 1.570(a).").

judgment and posted a supersedeas bond. Upon learning that its bank accounts had been garnished, Charter Schools filed an emergency motion to dissolve the writs of garnishment and to enforce the supersedeas bond which it had posted. That motion was denied.

Charter Schools appeals from the order denying its motion to dissolve the writs and to enforce its supersedeas bond, claiming that it "would be inequitable, and create chaos in Florida's legal system" to allow a party to execute on a judgment before a signed copy of it is docketed by the clerk of the court—that is, before it is "rendered." Because nothing in the rules of procedure or the law expressly precludes execution on a judgment before "rendition" and because the instant litigants could have sought a short stay until the order at issue was rendered but failed to do so, we disagree with the school's position.

Florida Rule of Civil Procedure 1.550 expressly provides that a judgment is subject to execution at any time during its life. Only two exceptions to this general rule are recognized. First, a party may not execute on a judgment until it has been recorded in the public records. Second, a party may not execute on a judgment within the time accorded by Rule 1.530 for serving motions for new trial or rehearing, and if timely served until such motion has been "determined":

Rule 1.550. Executions and Final Process

(a) Issuance. Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or the

3

party's attorney without praecipe. No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing, and if a motion for new trial or rehearing is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment.

As this rule clearly states, execution is stayed pending a timely motion for new trial/rehearing but only until that motion is determined. And while the term "determined" as used in this rule is not defined in the rules of procedure, either civil or appellate, it is equally clear that the rule does not provide that execution is stayed until an order on such motions has been "rendered," as defined in Florida Rule of Appellate Procedure 9.020 (i). See Fla. R. App. 9.020(i) (providing that an order is rendered when filed with the clerk of the lower tribunal).[2]

There is, of course, nothing inequitable or unfair about this. Neither of these rules preclude the filing of a supersedeas bond after an order is signed but before it

_____

[2] A party is "entitled to rely on the Rules as they read." Nolan v. Eshleman, 183 So. 2d 205, 207 (Fla. 1966). "Court rules are construed under the same principles of construction that apply to statutes. Syndicate Properties, Inc. v. Hotel Floridian Co., 94 Fla. 899, 114 So. 441 (Fla. 1927); Rowe v. State, 394 So. 2d 1059 (Fla. 1st DCA 1981). One of the fundamental rules of construction dictates that when the language under review is unambiguous and conveys a clear meaning, it must be given its plain and ordinary meaning. In re McCollam, 612 So. 2d 572, 573 (Fla. 1993); Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984)." Castillo v. Vlaminck de Castillo, 771 So. 2d 609, 610-11 (Fla. 3d DCA 2000). See Gar-Con Development, Inc. v. State, Dept. of Environmental Regulation, 468 So. 2d 413, 415 (Fla. 1st DCA 1985) ("In interpreting rules or statutes, words should be given their plain and ordinary meaning. Department of Health and Rehabilitative Services v. McTigue, 387 So. 2d 454 (Fla. 1st DCA 1980).").

4

has been filed with the lower court clerk (rendered). Indeed, Rule 9.310 governing stays pending appellate review imposes no such prohibition:

Rule 9.310. Stay Pending Review

**(a) Application.** Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.

**(b)Exceptions**.

(1)*Money Judgments.* If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. . . .

While it is true that motions for new trial/rehearing are deemed abandoned when a notice of appeal is filed either before such motions are asserted or before an order thereon is filed with the lower court clerk (that is, rendered), nothing in the rules precludes a party from moving, either orally or in writing, in the court below for a stay of execution for a short time so that an order denying a motion for new trial/rehearing may be "rendered." See Campbell v. Jones, 648 So. 2d 208, 209 n. 1 (Fla. 3d DCA 1994) ("We note that Fla. R. Civ. P. 1.550(b) has been described as a vehicle for protecting a judgment debtor '*briefly while he perfects his appeal and obtains supersedeas.*' Barnett v. Barnett Bank of Jacksonville, N.A., 338 So.

5

2d 888, 889 (Fla. 1st DCA 1976) (emphasis added). See also Chapman v. Rose, 295 So. 2d 667 (Fla. 2d DCA 1974) (temporary stay of execution on money judgment would have been appropriate under Fla. R. Civ. P. 1.550(b) for four days while appeal filed and supersedeas obtained).").[3] That was not done in this case and for this reason alone we find no basis for reversal.

We also find no basis for holding otherwise in the 1967 Authors' Comments to Rule 1.550 which states "[i]n connection with this rule, consideration should be given to F.S.A. Ch. 55, which deals at length with judgments and executions." See Authors' Comments, West's Florida Statutes Annotated, Rule 1.550, Florida Rules of Civil Procedure (1967). Chapter 55 uses the term "rendition" only twice, once in section 55.04 which deals with the interest rate to be assessed on judgments rendered on government bonds and sheds no light whatsoever on when

---

[3] See generally Elliot H. Scherker, Julissa Rodriguez, Rachel A. Canfield, Stephanie L. Varela, Jay A. Yagoda, & Nancy Wear, Stays, in Florida Appellate Practice, § 17-4 (Fla. Bar CLE 9th ed. 2014) ("*Rule* 1.550 should be invoked in cases in which there is a legitimate threat of immediate execution. The motion should request that execution be stayed for a brief period so that the appellant can file a notice of appeal and obtain a stay. Filing this motion may prevent the clerk from issuing execution without a court order. It is clear, however, that a *Rule* 1.550(b) motion cannot be used as a substitute for a stay pending appeal. A trial court cannot enter an order delaying execution during the entire pendency of appeal, because doing so would circumvent the requirements of the rules. Campbell; Barnett v. Barnett Bank of Jacksonville, N.A., 338 So. 2d 888 (Fla. 1st DCA 1976); see also Mellon United National Bank v. Cochran, 776 So. 2d 964 (Fla. 3d DCA 2000). Rather, the purpose of a Rule 1.550(b) motion is simply to give the appellant time to obtain a stay or post a bond, or do both, without suffering execution in the interim. See Greenbriar Condominium Ass'n, Inc. v. Padgett, 583 So. 2d 1100 (Fla. 4th DCA 1991).").

6

a judgment creditor may execute on a signed order or judgment; see § 55.04 Fla. Stat. (2014), and then in section 55.07 which states that when an order or judgment has been rendered by virtue of docketing in the circuit court, the validity of any proceedings on that order or judgment cannot be collaterally attacked even if the order or judgment has not been recorded in the official public records:

**55.07 Judgments; effect of failure to record.**

The failure to record any order, judgment or decree shall not affect the validity of any proceedings had thereon when collaterally attacked; provided, rendition of such order, judgment or decree is shown by the progress docket in the cause. . . .

§ 55.07, Fla. Stat. (2014). Neither reference is enlightening here.

More to the point, however, is the Florida Supreme Court's use of the term "rendition" when amending the rule for executions on judgments in the circuit and county courts. See Fla. R. Civ. P. 1.550; Fl. Sm. Cl. R. 7.200. On the very same day, June 19, 1968, the Florida Supreme Court amended Rules 1.550 and 7.200 so they similarly provided that no execution shall issue "until the judgment on which it is based has been recorded," or, where a motion for new trial had been timely served, "until [the motion] is determined." See In re Fla. Summary Claims Procedure Rules, 211 So. 2d 553, 553 (Fla. 1968); In re Fla. Rules of Civil Procedure, 211 So. 2d 206, 208 (Fla. 1968).

With minor revisions not relevant here, Rule 1.550 has remained the same to this day with respect to "recordation" of the judgment and "determination" of a

7

motion for new trial. However, in 1972, the Florida Supreme Court amended Rule 7.200 to provide, as it now does, that no execution on county court judgments shall be issued until the judgment is rendered:

> . . . No execution or other final process shall issue until the judgment on which it is based has been rendered nor within the time for serving a motion for new trial and if a motion for new trial is timely served, until it is determined . . . .

In re Rules of Summary Procedure, 270 So. 2d 729, 735-36 (Fla. 1972). This amendment clearly demonstrates that the Florida Supreme Court understood and intended that there be a difference between what is "recorded," what is "rendered" and what is "determined." We therefore cannot agree with the dissent's supposition that "determined" in the context of Rule 1.550 "is functionally equivalent to the term 'rendered' in Florida Rule of Appellate Procedure 9.020(i)."

Finally, and possibly most significantly, the use of the term "determined" as "having reached a decision,"[4] is the best way to protect the party in whose favor a judgment has been entered. That is, it allows that party to execute on his judgment until his rights have been otherwise secured—i.e. a bond has been posted. See Pabian v. Pabian, 469 So. 2d 189, 191 (Fla. 4th DCA 1985)("[T]he guiding principle in setting a supersedeas bond is to protect the party in whose favor judgment was entered by assuring its payment in the event the judgment is

---

[4] See Merriam–Webster: An Encyclopdia Britannica Company, http://www.merriam-webster.com/dictionary/determined (last visited Sept. 12, 2014).

8

affirmed on appeal."). Thus, as one source advises "a party who intends to stay a judgment by posting a bond should arrange to have a bond in place at the time the trial court rules on the post-trial motions." Raymond T. (Tom) Elligett & John M. Scheb, Appellate Stays And Bonds, 75 FL B.J. 33 (2001).[5] That was not done in this case.

In sum, we find no problem in concluding "determined" means the point in time when the trial judge, in this case signed an order ruling on the school's post-trial motions. We affirm the order denying Charter School's motion to dissolve writs of garnishment and to enforce supersedeas bond. In light of the funds frozen, the trial court may consider a motion to reduce the amount of the supersedeas bond, should Charter School seek such relief. See Freedom Insurors, Inc. v. M.D. Moody & Sons, Inc., 869 So. 2d 1283, 1285 (Fla. 4th DCA 2004).[6]

---

[5] It is worth remembering that if the appellant does not stay a monetary judgment, and the appellee/judgment creditor executes on the judgment during the appeal, and the judgment is ultimately reversed, the appellant is entitled to have its property restored to it by the appellee. While it is true "the appellant who does not post a bond runs the risk that at the time of reversal the appellee may no longer have the money and may be judgment proof," but this is the price paid for not securing a bond. Appellate Stays And Bonds, 75 FL B. J. at 33.

[6] The dissent observes:
> [t]he trial court stayed further proceedings on the writs of garnishment pending this appeal, but the funds frozen by the banks, $2,017,000.00, remain frozen and unavailable to the schools, while the full amount of the supersedeas bond ($5,748,750) also remains in place.

However any perceived injustice by this circumstance could be remedied as was done in Freedom Insurors, 869 So. 2d at 1285, where the Fourth District

9

FERNANDEZ, J., CONCURS.

_____

approved the trial court's action in reducing the supersedeas bond amount by the amount already held as a result of the previously instituted garnishment proceeding:

> Given the supreme court's characterization of the effect of a supersedeas, the proper remedy in this case was to stay the garnishment proceeding once the supersedeas went into effect on June 13. See Fla. Steel Corp. v. A.G. Spanos Enters., Inc., 332 So. 2d 663, 664-65 (Fla. 2d DCA 1976) (holding that where judgment has been superseded pending appeal, a garnishment proceeding directed at that judgment should be stayed, and not dissolved); see also GEICO Fin. Servs. v. Kramer, 575 So. 2d 1345, 1347 (Fla. 4th DCA 1991) (following Fla. Steel ); Richard's Paint Mfg., Co. v. Onyx Paints, Inc., 394 So. 2d 1064, 1066 (Fla. 4th DCA 1981) (same). This is what the circuit court did; the court accommodated Freedom by reducing the amount of the bond by the amount held in the garnishment.

See 3 Fla. Jur. 2d Appellate Review § 168 (2014) ("A judgment debtor 'posts' a supersedeas bond, for purposes of an automatic stay pending appeal, on the date the bond is filed with the clerk of court rather than the date the debtor obtains the bond, and thus a writ of garnishment obtained by a judgment creditor after the bond is obtained but before it is filed is properly stayed but not dissolved. The automatic stay is not effective until the bond is posted.").

10

SALTER, J. (dissenting).

I respectfully dissent. The issue in this appeal, apparently one of first impression in Florida, is whether the word "determined" in Florida Rule of Civil Procedure 1.550(a) (the rule governing executions and final process) means the point at which a trial judge **signs** an order denying a timely and authorized motion for new trial or rehearing, or the later point at which the order is **"rendered"** as defined in Florida Rule of Appellate Procedure 9.020(i).[7] The answer to the

---

[7] Rule 9.020 provides:

    **(i)**   **Rendition (of an Order).**  An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict . . . the following exceptions apply:

    (1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.

    (2) If such a motion or motions have been filed, a signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.

Footnote 1 cont.

11

question is significant, because it controls whether a judgment creditor may commence execution during the time between those two events—a time window during which the judgment debtor cannot commence its appeal and obtain the automatic stay available under Florida Rule of Appellate Procedure 9.310(b)(1) without abandoning the post-trial motions.

Construing the pertinent rules in *pari materia* and in conformance with (a) the author's comment to Rule 1.550, (b) the statutory provisions regarding execution on final judgments, and (c) the Supreme Court of Florida's form of civil supersedeas bond approved for use to obtain an automatic stay of execution on a money judgment pending appeal, the appellees' otherwise-successful garnishment (freezing over $2,000,000.00 of the appellants' two bank accounts) was premature. The record before us also demonstrates that counsel for the appellees failed to e-mail copies of the motions for issuance of the writs of garnishment as required by the applicable rules. I would therefore reverse the order denying the appellants' motion to dissolve the writ.

I.      Facts and Procedural Background

---

(3)  If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.

The majority opinion accurately recounts the facts and proceedings in the underlying case to the point of verdict and judgment. I am in agreement with the majority that Charter Schools[8] filed the timely motions to amend the final judgment and for judgment notwithstanding the verdict (or, alternatively, for new trial or remittitur) on April 30, 2014, thereby precluding execution under Florida Rule of Civil Procedure 1.550(a) until those motions were "determined" by the trial court. The motions were heard on June 9, 2014. The trial judge verbally denied the motions and signed an order to that effect at the conclusion of the hearing. The order was not filed with the circuit court clerk's office until the morning of June 13, 2014. Hours later that same day, the schools filed and served their notice of appeal[9] and an original supersedeas bond in the form and amount required to stay the money judgment. There is no disagreement on the events through this point.

The chronology of the post judgment garnishments includes some additional facts, however, that should not be overlooked. In the interim between the signing of the order denying post-trial motions and the filing/"rendition" of that order, the plaintiff/appellees' counsel obtained writs of garnishment directed to Charter

---

[8] As my colleagues did in the majority opinion, I use the term "Charter Schools" to refer collectively to all three appellants.

[9] The schools' appeal from the final judgment is Case No. 3D14-1479. The cases have not been consolidated.

13

Schools' banks (on June 10 and 11, 2014), **without notice to the schools' counsel**. The writs were served immediately, and Charter Schools' accounts were frozen before Charter Schools' notice of appeal and supersedeas bond could be filed without "abandoning" the post-trial motions under Fla. R. App. P. 9.020(i)(3).

Charter Schools' emergency motion to enforce supersedeas and to dissolve the writs of garnishment was heard by the trial court on June 13 and 14, 2014, and denied on June 14, 2014. The trial court stayed further proceedings on the writs of garnishment pending this appeal, but the funds frozen by the banks, $2,017,000.00, remain frozen and unavailable to Charter Schools, while the full amount of the supersedeas bond ($5,748,750) also remains in place.

II.     Analysis

Our review of the provisions of the pertinent rules of procedure is de novo. Strax Rejuvenation & Aesthetics Inst., Inc. v. Shield, 49 So. 3d 741, 742 (Fla. 2010). Strax Rejuvenation also provides a guide for our construction of the pertinent rules:

> Specifically as to construction of the Court's procedural rules, we have previously explained that "[t]he general guide to construction of the procedural rules is set forth in Florida Rule of Civil Procedure 1.010, which states that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.'" Barco v. School Bd. Of Pinellas County, 975 So. 2d 1116, 1123 (Fla. 2008) (quoting Fla. R. Civ. P. 1.010); see also Singletary v. State, 322 So. 2d 551, 555 (Fla. 1975) ("Procedural rules should be given a construction calculated to further justice, not to frustrate it.").

14

<u>Strax Rejuvenation</u>, 49 So. 3d at 742-43.

A. <u>"Determined"</u>

My colleagues maintain that the plain meaning of "determined," for purposes of the post-trial motions and Rule 1.550(a), is "having reached a decision,"[10] and that the drafters could easily have used (or could now amend the rule to use) "rendered" if that was what they meant. Charter Schools contend, and I agree, that "determined" is ambiguous in the sense that it is unclear whether it refers to a trial court's oral pronouncement, its signature on an order, or the filing of that order.

The term should be read in conjunction with the rules establishing the point at which a final judgment subject to authorized post-trial motions is "final" for purposes of (a) commencing an appeal without "abandoning" post-trial motions and (b) obtaining the automatic stay pending appeal by posting a supersedeas bond. Charter Schools point out that on the very day the order denying their post-trial motions was filed—establishing the date the final judgment was "rendered" and thus subject to appeal under Rule 9.020(i)—they filed their notice of appeal

---

[10] The majority obtained this meaning from Merriam-Webster: An Encyclopedia Brittanica Company, http://www.merriam-webster.com/dictionary/determined. That definition refers to the adjective, "determined," as in "firmly resolved," or "I am determined to be a pilot." The first definition of the verb "determine," pertinent here, is "to fix **conclusively** or authoritatively." <u>Id.</u> (emphasis supplied; last visited Sept. 16, 2014). That definition of the verb is also the meaning ascribed by <u>Webster's Third New International Dictionary</u> 616 (1986 ed., unabridged).

and a supersedeas bond for $5,748,750.00. The bond was in the form prescribed by the Supreme Court of Florida.[11] The amount of the bond was sufficient to cover the final judgment and two years of interest, the amount specified by Rule 9.310(b)(1) for an automatic stay of execution pending the appeal.

The rules of civil procedure and appellate procedure both establish "finality" as a prerequisite for execution on a judgment and for an appeal from a judgment. "Execution is only permitted on judgments which determine with finality the rights and liabilities of parties." Nichols v. Michael D. Eicholtz Enters., 706 So. 2d 70, 70 (Fla. 5th DCA 1998) (citing Shakarian v. Daum, 561 So. 2d 1222 (Fla. 2d DCA 1990)). Florida courts are now less concerned with the caption on the judgment or the incantation "for which let execution issue"[12] than with an assessment of whether all judicial labor is complete (with exceptions and a retention of jurisdiction for attorney's fees, costs, and prejudgment interest). Westgate Miami Beach, Ltd. v. Newport Operating Corp., 55 So. 3d 567 (Fla. 2010).

In considering "finality" for purposes of appealability, a bright line is critical because it is an essential aspect of computing the time to appeal and establishing a reviewing court's jurisdiction. Moreover, an appeal initiated before an authorized post-trial motion has been "rendered," i.e., filed with the clerk rather than merely

---

[11] Fla. R. App. P. 9.900(i).

[12] See GEICO Fin. Servs., Inc. v. Kramer, 575 So. 2d 1345 (Fla. 4th DCA 1991).

signed, is deemed to "abandon" that post-trial motion. Fla. R. App. P. 9.020(i)(3), supra, note 1.

In considering "finality" for purposes of execution on a judgment, the Supreme Court of Florida rectified a "procedural quandary" similar to the one presented here. That quandary arose when a trial court entered a final judgment that reserved jurisdiction to award prejudgment interest. Westgate Miami Beach, Ltd., at 575 n.7. Before the decision in Westgate Miami Beach, Ltd., a final judgment which expressly reserved jurisdiction for an award of prejudgment interest, but otherwise authorized the issuance of execution, was appealable. McGurn v. Scott, 596 So. 2d 1042 (Fla. 1992). McGurn held, however, that "once an appeal is taken, the trial court then lacks jurisdiction to rule on the issue of prejudgment interest and plaintiff will be deemed to have waived the matter of prejudgment interest." Westgate Miami Beach, Ltd., at 570 (citing McGurn at 1045).

The Supreme Court in Westgate Miami Beach, Ltd. receded from McGurn in part (by treating the reservation to award prejudgment interest in the same manner as a reservation of jurisdiction to award attorney's fees and costs), expressing an intention "to promote judicial economy and prevent unfairness to either party." Westgate Miami Beach, Ltd., at 570. In its footnote 7, the Court specifically addressed the problem confronted by the schools in the present case:

17

> Because the final judgment will still be considered final for purposes of appeal, this avoids the procedural quandary by allowing the defendant to appeal a final judgment that appears final on its face and authorizes execution on the defendant's assets, while enabling the defendant to take steps to prevent execution by posting a supersedeas bond.

Id. at 575, n. 7.

To construe Rule 1.550(a)'s use of the word "determined" as an event that can occur days before the final judgment in question is "rendered" (and can only then be appealed without abandoning the very post-trial motions that stay execution under Rule 1.550(a) during their pendency) is to put the horse before the cart and unfairly prejudice the judgment debtor. The approved form for the supersedeas bond that puts an automatic stop to execution on a money judgment, Florida Rule of Appellate Procedure 9.900(i), recites that the judgment debtor ("principal") "has entered an appeal" to the reviewing court in the case. Counsel for the appellees argues that the bond can be filed in advance of the filing of a notice of appeal, but the Supreme Court's approved form does not contemplate such an occurrence.

The "Author's Comment—1967" to Rule 1.550 states: "In connection with this rule, consideration should be given to F.S.A. Ch. 55, which deals at length with judgments and executions." Chapter 55, Florida Statutes (2013), in turn provides two clues regarding the "determined" versus "rendered" question before us. Section 55.04, relating to judgments enforcing municipal bond obligations,

uses the term "rendered" to refer to the judgment or decree. Section 55.07, addressing a judgment creditor's failure to record an order, judgment, or decree, excuses that omission so long as "rendition of such order, judgment or decree is shown by the progress docket in the cause." There is no suggestion in Chapter 55 that execution may be commenced on a judgment that has not been "rendered" for purposes of appeal.

Judicial economy and fairness are both promoted by aligning the right to execute and the right to appeal (and post an appeal bond) under these circumstances. To allow a race to execute and garnish after an order denying the authorized post-trial motions has been orally pronounced or signed, but before the order has been filed with the clerk and "rendered," would result in a flurry of writs and emergency motions[13] better avoided by a bright-line rule. As noted earlier in the excerpts from Strax Rejuvenation & Aesthetics Institute, Inc., and Rule 1.010, Charter Schools' proposed construction of "determined" is better calculated to "secure the just, speedy, and inexpensive determination" of the execution-appeal bond quandary. I would reverse the order below and direct the trial court to vacate

---

[13] The Second District Court of Appeal has recently granted certiorari to quash an order allowing execution "prior to rendition of a truly appealable final judgment in the case." East Ave., LLC v. Insignia Bank, 136 So. 3d 659, 665 (Fla. 2d DCA 2014). That carefully reasoned opinion observes, "Permitting execution prior to completion of the litigation before the trial court has long been characterized as improper by the appellate courts." Id. I agree.

the writs of garnishment. The plaintiffs/appellees are fully protected by the existing surety bond in the prescribed form.

### B. Failure to Serve Motions; Lack of Notice

There is a troublesome aspect to this particular case. Counsel for the appellees would have galvanized Charter Schools into action—to hasten the filing of the appeal bond, or to oppose the issuance of the writs of garnishment, or to seek an emergency stay of short duration to finalize the bond—if they had properly served their "motions for garnishment after judgment" on counsel for Charter Schools. Section 77.03, Florida Statutes (2013), "Issuance of writ after judgment," requires that a motion for such a writ "shall" be filed, and the motions in fact were filed (but not served) in the underlying case on June 10 and 11, 2014, days before the order denying Charter Schools' post-trial motions was filed and the final judgment thereby "rendered."[14]

Florida Rule of Civil Procedure 1.080, "Service and Filing of Pleadings, Orders, and Documents," requires that "every" pleading, order and other document after the initial complaint or petition "must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516." Rule 2.516, in

---

[14] A motion for the issuance of a writ of garnishment "after the validity of the debt has been adjudicated" does not entitle the judgment debtor to "notice and a hearing" before the writ is issued. First Union Nat. Bank of Fla. V. Knyal, 874 So. 2d 716, 717 (Fla. 4th DCA 2004). Nonetheless, the applicable statute requires that the motion be filed, and the rules of procedure required that it be served.

20

turn, required counsel for the appellees to e-mail copies of the motions to opposing counsel (unless excused from doing so by the court, which they were not). Although the appellees' counsel had been regularly complying with this rule for other papers and pleadings, they did not e-mail their motions for garnishment after judgment to opposing counsel on June 10 and 11, 2014.

Whether the appellees' counsel's failure to e-mail the motions for garnishment after judgment to the schools' counsel was through an oversight or was intentional,[15] the failure to give notice of an action with such drastic consequences (freezing Charter Schools' operating accounts without notice), and the failure to comply with the rules of procedure, constitutes a further basis for reversal in the present case. Notice is not merely an indispensable aspect of due process, it is the hallmark of professionalism.[16] "Post-trial by ambush" is no more acceptable than trial by ambush.

III.    Conclusion

---

[15]    Before the pertinent rules on e-mail were added, it was permissible for an attorney for a judgment creditor to file a motion for garnishment, obtain the writ, and serve the motion by regular mail, thus allowing two or more days to serve the writ on a bank before a judgment debtor "woke up." The element of surprise, permissible years ago but no longer, reduced the possibility that the judgment debtor would change banks or clear out an account.

[16]    See Section C, "Service of Papers," of the Guidelines for Professional Conduct promulgated by the Conferences of Circuit and County Court Judges and the Trial Lawyers Section of The Florida Bar.

Lawrence Peter "Yogi" Berra said, among so many other things, "It ain't over 'til it's over." That's the way it should work with authorized post-trial motions. A verbal ruling at a hearing can change after a judge reflects further on an argument. An order that has been signed can be held by a judge to permit such reflection. My colleagues may consider those possibilities so remote as to warrant disregarding them, but I do not. In the demarcation line between trial practice and appellate practice, "determined" or "over" surely must mean "filed with the clerk," rather than "spoken" or "signed but not filed."

In the present case, I would also reverse because counsel for the appellees should have served opposing counsel, by e-mail, with their motions for the issuance of writs of garnishment, but did not.

For each of these reasons, I respectfully dissent. I would reverse the order denying the schools' motion to quash the writs of garnishment (allowing the immediate access of Charter Schools to their frozen accounts), and I would leave in full force and effect the supersedeas bond and resultant stay pending Charter Schools' appeal on the merits.