SALTER, J.
dissenting.
I respectfully dissent. The issue in this appeal, apparently one of first impression in Florida, is whether the word “determined” in Florida Rule of Civil Procedure 1.550(a) (the rule governing executions and final process) means the point at which a trial judge signs an order denying a timely and authorized motion for new trial or rehearing, or the later point at which the order is “rendered” as defined in Florida Rule of Appellate Procedure 9.020(i).[7] The *663 answer to the question is significant, because it controls whether a judgment creditor may commence execution during the time between those two events — a time window during which the judgment debtor cannot commence its appeal and obtain the automatic stay available under Florida Rule of Appellate Procedure 9.310(b)(1) without abandoning the post-trial motions.
Construing the pertinent rules in pari materia and in conformance with (a) the author’s comment to Rule 1.550, (b) the statutory provisions regarding execution on final judgments, and (c) the Supreme Court of Florida’s form of civil supersede-as bond approved for use to obtain an automatic stay of execution on a money judgment pending appeal, the appellees’ otherwise-successful garnishment (freezing over $2,000,000.00 of the appellants’ two bank accounts) was premature. The record before us also demonstrates that counsel for the appellees failed to e-mail copies of the motions for issuance of the writs of garnishment as required by the applicable rules. I would therefore reverse the order denying the appellants’ motion to dissolve the writ.
I. Facts and Procedural Background
The majority opinion accurately recounts the facts and proceedings in the underlying case to the point of verdict and judgment. I am in agreement with the majority that Charter Schools[8] filed the timely motions to amend the final judgment and for judgment notwithstanding the verdict (or, alternatively, for new trial or remittitur) on April 30, 2014, thereby precluding execution under Florida Rule of Civil Procedure 1.550(a) until those motions were “determined” by the trial court. The motions were heard on June 9, 2014. The trial judge verbally denied the motions and signed an order to that effect at the conclusion of the hearing. The order was not filed with the circuit court clerk’s office until the morning of June 13, 2014. Hours later that same day, the schools filed and served their notice of appeal[9] and an original supersedeas bond in the form and amount required to stay the money judgment. There is no disagreement on the events through this point.
The chronology of the post judgment garnishments includes some additional facts, however, that should not be overlooked. In the interim between the signing of the order denying post-trial motions and the filing/”rendition” of that order, the plaintiff/appellees’ counsel obtained writs of garnishment directed to Charter Schools’ banks (on June 10 and 11, 2014), without notice to the schools’ counsel. The writs were served immediately, and Charter Schools’ accounts were frozen before Charter Schools’ notice of appeal and supersedeas bond could be filed without “abandoning” the post-trial motions under Fla. R. App. P. 9.020(i)(3).
Charter Schools’ emergency motion to enforce supersedeas and to dissolve the writs of garnishment was heard by the trial court on June 13 and 14, 2014, and denied on June 14, 2014. The trial court stayed further proceedings on the writs of garnishment pending this appeal, but the funds frozen by the banks, $2,017,000.00, remain frozen and unavailable to Charter Schools, while the full amount of the su-persedeas bond ($5,748,750) also remains in place.
*664 II. Analysis
Our review of the provisions of the pertinent rules of procedure is de novo. Strax Rejuvenation & Aesthetics Inst., Inc. v. Shield, 49 So.3d 741, 742 (Fla.2010). Strax Rejuvenation also provides a guide for our construction of the pertinent rules:
Specifically as to construction of the Court’s procedural rules, we have previously explained that “[t]he general guide to construction of the procedural rules is set forth in Florida Rule of Civil Procedure 1.010, which states that the rules ‘shall be construed to secure the just, speedy, and inexpensive determination of every action.’ ” Barco v. School Bd. Of Pinellas County, 975 So.2d 1116, 1123 (Fla.2008) (quoting Fla. R. Civ. P. 1.010); see also Singletary v. State, 322 So.2d 551, 555 (Fla.1975) (“Procedural rules should be given a construction calculated to further justice, not to frustrate it.”).
Strax Rejuvenation, 49 So.3d at 742-43.
A. “Determined ”
My colleagues maintain that the plain meaning of “determined,” for purposes of the post-trial motions and Rule 1.550(a), is “having reached a decision,”[10] and that the drafters could easily have used (or could now amend the rule to use) “rendered” if that was what they meant. Charter Schools contend, and I agree, that “determined” is ambiguous in the sense that it is unclear whether it refers to a trial court’s oral pronouncement, its signature on an order, or the filing of that order.
The term should be read in conjunction with the rules establishing the point at which a final judgment subject to authorized post-trial motions is “final” for purposes of (a) commencing an appeal without “abandoning” post-trial motions and (b) obtaining the automatic stay pending appeal by posting a supersedeas bond. Charter Schools point out that on the very day the order denying their post-trial motions was filed — establishing the date the final judgment was “rendered” and thus subject to appeal under Rule 9.020(i)— they filed their notice of appeal and a supersedeas bond for $5,748,750.00. The bond was in the form prescribed by the Supreme Court of Florida.[11] The amount of the bond was sufficient to cover the final judgment and two years of interest, the amount specified by Rule 9.310(b)(1) for an automatic stay of execution pending the appeal.
The rules of civil procedure and appellate procedure both establish “finality” as a prerequisite for execution on a judgment and for an appeal from a judgment. “Execution is only permitted on judgments which determine with finality the rights and liabilities of parties.” Nichols v. Michael D. Eicholtz Enters., 706 So.2d 70, 70 (Fla. 5th DCA 1998) (citing Shakarian v. Daum, 561 So.2d 1222 (Fla. 2d DCA 1990)). Florida courts are now less concerned with the' caption on the judgment or the incantation “for which let execution issue”[12] than with an assessment of whether all judicial labor is complete (with ex *665 ceptions and a retention of jurisdiction for attorney’s fees, costs, and prejudgment interest). Westgate Miami Beach, Ltd. v. Newport Operating Corp., 55 So.3d 567 (Fla.2010).
In considering “finality” for purposes of appealability, a bright line is critical because it is an essential aspect of computing the time to appeal and establishing a reviewing court’s jurisdiction. Moreover, an appeal initiated before an authorized post-trial motion has been “rendered,” i.e., filed with the clerk rather than merely signed, is deemed to “abandon” that post-trial motion. Fla. R.App. P. 9.020(i)(3), supra, note 1.
In considering “finality” for purposes of execution on a judgment, the Supreme Court of Florida rectified a “procedural quandary” similar to the one presented here. That quandary arose when a trial court entered a final judgment that reserved jurisdiction to award prejudgment interest. Westgate Miami Beach, Ltd., 55 So.3d at 575 n. 7. Before the decision in Westgate Miami Beach, Ltd., a final judgment which expressly reserved jurisdiction for an award of prejudgment interest, but otherwise authorized the issuance of execution, was appealable. McGurn v. Scott, 596 So.2d 1042 (Fla.1992). McGum held, however, that “once an appeal is taken, the trial court then lacks jurisdiction to rule on the issue of prejudgment interest and plaintiff will be deemed to have waived the matter of prejudgment interest.” Westgate Miami Beach, Ltd., 55 So.3d at 570 (citing McGurn, 596 So.2d at 1045).
The Supreme Court in Westgate Miami Beach, Ltd. receded from McGum in part (by treating the reservation to award prejudgment interest in the same manner as a reservation of jurisdiction to award attorney’s fees and costs), expressing an intention “to promote judicial economy and prevent unfairness to either party.” Westgate Miami Beach, Ltd., 55 So.3d at 570. In its footnote 7, the Court specifically addressed the problem confronted by the schools in the present case:
Because the final judgment will still be considered final for purposes of appeal, this avoids the procedural quandary by allowing the defendant to appeal a final judgment that appears final on its face and authorizes execution on the defendant’s assets, while enabling the defendant to take steps to prevent execution by posting a supersedeas bond.
Id. at 575, n. 7.
To construe Rule 1.550(a)’s use of the word “determined” as an event that can occur days before the final judgment in question is “rendered” (and can only then be appealed without abandoning the very post-trial motions that stay execution under Rule 1.550(a) during their pendency) is to put the horse before the cart and unfairly prejudice the judgment debtor. The approved form for the supersedeas bond that puts an automatic stop to execution on a money judgment, Florida Rule of Appellate Procedure 9.900(i), recites that the judgment debtor (“principal”) “has entered an appeal” to the reviewing court in the case. Counsel for the appellees argues that the bond can be filed in advance of the filing of a notice of appeal, but the Supreme Court’s approved form does not contemplate such an occurrence.
The “Author’s Comment — 1967” to Rule 1.550 states: “In connection with this rule, consideration should be given to F.S.A. Ch. 55, which deals at length with judgments and executions.” Chapter 55, Florida Statutes (2013), in turn provides two clues regarding the “determined” versus “rendered” question before us. Section 55.04, relating to judgments enforcing municipal bond obligations, uses the term “rendered” to refer to . the judgment or decree. Section 55.07, addressing a judgment credi *666 tor’s failure to record an order, judgment, or decree, excuses that omission so long as “rendition of such order, judgment or decree is shown by the progress docket in the cause.” There is no suggestion in Chapter 55 that execution may be commenced on a judgment that has not been “rendered” for purposes of appeal.
Judicial economy and fairness are both promoted by aligning the right to execute and the right to appeal (and post an appeal bond) under these circumstances. To allow a race to execute and garnish after an order denying the authorized post-trial motions has been orally pronounced or signed, but before the order has been filed with the clerk and “rendered,” would result in a flurry of writs and emergency motions[13] better avoided by a bright-line rule. As noted earlier in the excerpts from Strax Rejuvenation & Aesthetics Institute, Inc., and Rule 1.010, Charter Schools’ proposed construction of “determined” is better calculated to “secure the just, speedy, and inexpensive determination” of the execution-appeal bond quandary. I would reverse the order below and direct the trial court to vacate the writs of garnishment. The plaintiffs/appellees are fully protected by the existing surety bond in the prescribed form.
B. Failure to Serve Motions; Lack of Notice
There is a troublesome aspect to this particular case. Counsel for the appellees would have galvanized Charter Schools into action — to hasten the filing of the appeal bond, or to oppose the issuance of the writs of garnishment, or to seek an emergency stay of short duration to finalize the bond — if they had properly served their “motions for garnishment after judgment” on counsel for Charter Schools. Section 77.03, Florida Statutes (2013), “Issuance of writ after judgment,” requires that a motion for such a writ “shall” be filed, and the motions in fact were filed (but not served) in the underlying case on June 10 and 11, 2014, days before the order denying Charter Schools’ post-trial motions was filed and the final judgment thereby “rendered.”[14]
Florida Rule of Civil Procedure 1.080, “Service and Filing of Pleadings, Orders, and Documents,” requires that “every” pleading, order and other document after the initial complaint or petition “must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516.” Rule 2.516, in turn, required counsel for the appellees to e-mail copies of the motions to opposing counsel (unless excused from doing so by the court, which they were not). Although the appellees’ counsel had been regularly complying with this rule for other papers and pleadings, they did not e-mail their motions for garnishment after judgment to opposing counsel on June 10 and 11, 2014.
Whether the appellees’ counsel’s failure to e-mail the motions for garnishment after judgment to the schools’ counsel was *667 through an oversight or was intentional,[15] the failure to give notice of an action with such drastic consequences (freezing Charter Schools’ operating accounts without notice), and the failure to comply with the rules of procedure, constitutes a further basis for reversal in the present case. Notice is not merely an indispensable aspect of due process, it is the hallmark of professionalism.[16] “Post-trial by ambush” is no more acceptable than trial by ambush.
III. Conclusion
Lawrence Peter “Yogi” Berra said, among so many other things, “It ain’t over ‘til it’s over.” That’s the way it should work with authorized post-trial motions. A verbal ruling at a hearing can change after a judge reflects further on an argument. An order that has been signed can be held by a judge to permit such reflection. My colleagues may consider those possibilities so remote as to warrant disregarding them, but I do not. In the demarcation line between trial practice and appellate practice, “determined” or “over” surely must mean “filed with the clerk,” rather than “spoken” or “signed but not filed.”
In the present case, I would also reverse because counsel for the appellees should have served opposing counsel, by e-mail, with their motions for the issuance of writs of garnishment, but did not.
For each of these reasons, I respectfully dissent. I would reverse the order denying the schools’ motion to quash the writs of garnishment (allowing the immediate access of Charter Schools to their frozen accounts), and I would leave in full force and effect the supersedeas bond and resultant stay pending Charter Schools’ appeal on the merits.

. Rule 9.020 provides:
(i)Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict ... the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
(2) If such a motion or motions have been filed, a signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.
Footnote 1 cont.
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the.time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.

. As my colleagues did in the majority opinion, I use the term "Charter Schools” to refer collectively to all three appellants.

. The schools’' appeal from the final judgment is Case No. 3D14-1479. The cases have not been consolidated.

.The majority obtained this meaning from Merriam-Webster: An Encyclopedia Britta-nica Company, http://www.merriam-webster. com/dictionary/ determined. That definition refers to the adjective, "determined,” as in "firmly resolved,” or "I am determined to be a pilot.” The first definition of the verb "determine,” pertinent here, is "to fix conclusively or authoritatively." Id. (emphasis supplied; last visited Sept. 16, 2014). That definition of the verb is also the meaning ascribed by Webster’s Third New International Dictionary 616 (1986 ed., unabridged).

. Fla. R. App. P. 9.900(i).

. See GEICO Fin. Servs., Inc. v. Kramer, 575 So.2d 1345 (Fla. 4th DCA 1991).

. The Second District Court of Appeal has recently granted certiorari to quash an order allowing execution "prior to rendition of a truly appealable final judgment in the case.” East Ave., LLC v. Insignia Bank, 136 So.3d 659, 665 (Fla. 2d DCA 2014). That carefully reasoned opinion observes, "Permitting execution prior to completion of the litigation before the trial court has long been characterized as improper by the appellate courts.” Id. I agree.

. A motion for the issuance of a writ of garnishment "after the validity of the debt has been adjudicated” does not entitle the judgment debtor to "notice and a hearing” before the writ is issued. First Union Nat. Bank of Fla. v. Knyal, 874 So.2d 716, 717 (Fla. 4th DCA 2004). Nonetheless, the applicable statute requires that the motion be filed, and the rules of procedure required that it be served.

. Before the pertinent rules on e-mail were added, it was permissible for an attorney for a judgment.creditor to file a motion for garnishment, obtain the writ, and serve the motion by regular mail, thus allowing two or more days to serve the writ on a bank before a judgment debtor "woke up.” The element of surprise, permissible years ago but no longer, reduced the possibility that the judgment debtor would change banks or clear out an account.

. See Section C, "Service of Papers,” of the Guidelines for Professional Conduct promulgated by the Conferences of Circuit and County Court Judges and the Trial Lawyers Section of The Florida Bar.